**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ANTHONY NEPUTE, individually, and as Owner of Quickwork LLC; and<br><br>QUICKWORK LLC, a limited liability company, also d/b/a WELLNESS WARRIOR,<br><br>Defendants. | Case No.: 4:21-cv-00437-RLW |

**REPLY IN SUPPORT OF DEFENDANT DR. NEPUTE'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STRIKE, PLAINTIFF'S CLAIMS SEEKING MONETARY RELIEF AND FOR SANCTIONS**

COMES NOW Defendant Dr. Eric Anthony Nepute ("Dr. Nepute")[1] and respectfully submits this reply in support of his Motion to Dismiss or, in the Alternative to Strike, Plaintiff's Claims Seeking Monetary Relief and for Sanctions (the "Motion").

Dr. Nepute is a licensed chiropractor who provides chiropractic and other health and wellness care, including the marketing and distribution through Quickwork LLC ("Quickwork") of immune-boosting nutritional supplements that contain Vitamin D and zinc. In its response in opposition to the Motion ("Response"), ECF No. 18, Plaintiff baselessly attacks Dr. Nepute's

[1] Quickwork joins Dr. Nepute's Motion to Dismiss, or in the alternative to strike, Plaintiff's claims seeking monetary relief (the "Motion"), but Quickwork does not join in the portion of the Motion seeking sanctions. ECF No. 19.

character in ways extraneous to the claims before the Court and unsupported by the facts.[2] ECF No. 18 at 1. It bears repeating that Plaintiff, acting on behalf of the Federal Trade Commission (FTC), does not challenge the safety, legality, or medical value of the nutritional supplements Dr. Nepute and Quickwork make available to the public, often at no charge. *See* ECF No. 17 at 1. The efficacy of Vitamin D and zinc on strengthening and fortifying the human immune system is beyond medical dispute and is not at issue in this case. Indeed, Plaintiff is silent on those issues in both its Complaint, ECF No. 1, and its Response, ECF No. 18.

Instead, this case is about Plaintiff's disagreement with some of the words Dr. Nepute has allegedly used to promote Vitamin D and zinc supplements as an effective aide to help protect against and fight COVID-19 infections specifically. Plaintiff's complaint presents many of those words out of context through partial quotes that, for example, leave out Dr. Nepute's insistence that "if you want [a vaccine], you should be able to go get one, but you need to know what's in it." ECF No. 1-12, p. 17, Ln 7-9. On these narrow issues, Plaintiff asks the Court to levy massive financial penalties against Dr. Nepute and Quickwork, including $43,792 for every allegedly unfair or deceptive act or practice that allegedly violated the COVID-19 Consumer Protection Act.

Those penalties, and any other monetary relief, were foreclosed by the Supreme Court in *AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341 (2021), an opinion issued seven (7) days after Plaintiff filed its Complaint. The Supreme Court's unanimous holding in *AMG* was

---

[2] Plaintiff's Response states that Dr. Nepute "sensed an opportunity to profit." ECF No. 18 at 1. This claim is not supported by the facts pleaded in Plaintiff's complaint nor the full statements made by Dr. Nepute, who was selling immune-boosting nutritional supplements long before the pandemic. Further, when making his statements supporting the use of Vitamin D and zinc, Dr. Nepute has relied on peer-reviewed scientific publications, including those publishing the results of clinical trials, which increasingly have shown Vitamin D's ability to treat COVID-19, including for those with serious cases.

unequivocal: "Several considerations, taken together, convince us that § 13(b)'s 'permanent injunction' language does not authorize the [Federal Trade] Commission directly to obtain court-ordered monetary relief." *Id.* at 1347. The Court emphasized that the plain language of Section 13(b) simply does not support such relief:

> But to read those words as allowing what they do not say, namely, as allowing the Commission to dispense with administrative proceedings to obtain monetary relief as well, is to read the words as going well beyond the provision's subject matter. In light of the historical importance of administrative proceedings, that reading would allow a small statutory tail to wag a very large dog.

*Id.* at 1348.

Only Sections 5 and 19 authorize monetary relief, and those Sections require administrative proceedings: "Congress in § 5(l) and § 19 gave district courts the authority to impose limited monetary penalties and to award monetary relief in cases where the Commission has *issued cease and desist orders*, i.e., where the Commission has engaged in administrative proceedings." *Id.* at 1348–49 (emphasis in original). In addition to Section 5(l)'s and 19(A)(2)'s requirement for a cease and desist order, suits may be filed under Sections 5(m)(1)(A) and 19(A)(1) only if a defendant violated a rule "under this subchapter respecting unfair or deceptive acts or practices." 15 U.S.C. §§ 45(m)(1)(a), 57b(a)(1).

At the time Plaintiff filed its Complaint, it was common practice for the FTC to seek monetary relief directly through district court actions, without prior administrative proceedings. *AMG* at 1346-47 (2021). The Supreme Court's opinion in *AMG* foreclosed that option, except for cases where the FTC has completed administrative procedures and, where appropriate, obtained

a cease and desist order. *Id.* at 1347.

Indeed, in at least one case pending since the Supreme Court decided *AMG*, the FTC has recognized that *AMG* closed the door to claims for monetary relief without administrative proceedings. FTC's Motion for Leave to Withdraw the FTC's Prayer for Equitable Monetary Relief, *Fed. Trade Comm'n v. Vyera Pharms., LLC*, No. 20CV706 (DLC), ECF No. 447 (S.D.N.Y. May 26, 2021).

Instead of acknowledging the same Supreme Court-ordered limitation, the FTC has shifted its position in this case. The FTC now alleges that Defendants violated a rule defining an unfair or deceptive act or practice. Nowhere in the Complaint does Plaintiff allege that Defendants violated any rule respecting unfair or deceptive acts or practices promulgated under the FTC Act. Instead, the FTC argues that the COVID-19 Consumer Protection Act (the "COVID-19 Act") automatically triggers such a violation. With this argument, the FTC attempts to create a backdoor to monetary relief never previously used in litigation.

This is a change in position—and an alternative, untested theory—necessitated by the unanimous holding in *AMG*. Moreover, the facts alleged in Plaintiff's Complaint simply do not support a claim under this theory. Even accepting Plaintiff's novel reading of the COVID-19 Act, Plaintiff has failed to plead the knowledge element necessary to recover civil penalties nor any facts demonstrating that consumer redress is necessary.

For these reasons, the Court should grant the Motion and dismiss, or in the alternative strike, Plaintiff's claims seeking monetary relief.

## I. JURISDICTIONAL LEGAL STANDARD

### a. Plaintiff's Claims Fail When Assessed Either Under the Rule 12(b)(1) Standard or the Rule 12(b)(6) Standard.

In its Response in opposition to the Motion, Plaintiff argues that Rule 12(b)(6) provides the appropriate standard to evaluate the Motion to Dismiss, not Rule 12(b)(1). ECF No. 18 at 6-7. Plaintiff argues the FTC Act's requirements contained in Sections 5(m) and 19, 15 USC §§ 45(m), 57b, are preconditions to suit and are only jurisdictional if Congress so states. ECF No. 18 at 7 (citing *Sebelius v. Auburn Regional Med. Ctr*., 568 U.S. 145, 153 (2013)). These arguments fail to account for the content and meaning of the relevant Sections 5(m) and 19, 15 USC §§ 45(m), 57b, both of which state "Jurisdiction" in the relevant paragraph title. *See Sebelius v. Auburn Regional Med. Ctr*., 568 U.S. 145, 153 (2013) (courts consider context when determining Congressional intent to create a jurisdictional requirement). Further, the requirements noted in Sections 5(m) and 19 of the FTC Act are not mere preconditions; they are the basis of any such suit and are therefore jurisdictional. 15 USC §§ 45(m) ("The Commission may commence a civil action . . . in a district court of the United States against any person . . . [who] violates any rule."), 57b ("If any person . . . violates a rule . . . , the Commission may commence an action . . ."). The caselaw provided by Plaintiff mainly concerns timing limitations on filing or other accessory requirements, not the very basis on which a suit is filed. *See Sebelius v. Auburn Regional Med. Ctr.*, 568 U.S. 145, 154-155 (2013) (discussing cases where filing deadlines were nonjurisdictional).

Regardless, the standards under 12(b)(6) and 12(b)(1) would lead to the same outcome in this case. Under both rules, the Court takes as true the pleading's factual allegations. Dr. Nepute's Motion to Dismiss conforms to this standard. The Motion should be granted under either part of Rule 12(b).

## II. ARGUMENT FOR DISMISSAL

### a. Plaintiff Does Not Plead a Rule Violation in its Complaint.

Plaintiff's new theory of liability is that Defendants are liable for civil monetary penalties

and consumer redress under Section 5(m)(1)(A) and 19 of the FTC Act, respectively. 15 U.S.C. §§ 45(m)(1)(A), and 57b. Those sections apply only when a Defendant has violated a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a, and has done so knowingly for the purposes of Section 5(m)(1)(A) liability. Nowhere in the Complaint does Plaintiff allege that Defendants violated a rule promulgated under Section 18 of the Act. The word "rule" is mentioned only twice in the Complaint, specifically at Paragraph 6 concerning Local Rule 2.07 (which is not applicable to the substance of Plaintiff's claim) and in Paragraph 16 where Plaintiff merely recites that "A violation of Section (b)(1) of the COVID-19 Consumer Protection Act is treated as a violation of a rule defining an unfair or deceptive act or practice proscribed under section 18(a)(1)(B) of the FTC Act, 15 U.S.C. § 57a(a)(1)(B)." ECF No. 1 (citing COVID-19 Act, § 1401(c)(1)). Plaintiff never alleges that Defendant violated a rule promulgated under Section 18(a)(1)(B), 15 U.S.C. § 57a.

Instead, Plaintiff alleges that the COVID-19 Consumer Protection Act gives it the power to pursue rule violations where no rule exists. ECF No. 1, ¶ 16 (citing COVID-19 Act, § 1401(c)(1)). According to Plaintiff, it need not plead a violation of a Rule promulgated under Section 18(a)(1)(B). Plaintiff argues it need only plead a violation of the COVID-19 Act, and Defendants are automatically liable for a violation of a rule that does not exist.

As applied in the circumstances of this case, Plaintiff's reading of the COVID-19 Act would eliminate the procedural protections created by the FTC Act, in contradiction to Paragraph (c)(2)(B) of the COVID-19 Act. Pursuant to that Paragraph, "Any person who violates this Act shall be subject to the penalties and entitled to the privileges and immunities provided in the Federal Trade Commission Act." *Id.* Those privileges and immunities include the ability to challenge rulemaking both during enforcement proceedings and through judicial review of the

rules themselves. *See, e.g.*, *Ass'n of Nat'l. Advertisers, Inc. v. Fed. Trade Comm'n*, 617 F.2d 611, 628, n.18 (D.C. Cir. 1979). Plaintiff's reading would eliminate these protections and Defendants' ability to align their conduct with published rules defining with specificity unfair or deceptive acts or practices.

Instead of circumventing the procedures provided in the FTC Act, Plaintiff should identify which, if any, rule promulgated under Section 18(a)(1)(B), 15 U.S.C. § 57a, Defendants have allegedly violated. To date, Plaintiff has not identified such a violation in either its Complaint or in its opposition to the Motion, because no such violation exists.

**b. Plaintiff Does Not Plead the Knowledge Element Required for Civil Monetary Penalties.**

Even if, assuming arguendo, Plaintiff's expansive reading of the COVID-19 Act is correct, Plaintiff does not plead the knowledge element required under Section 5(m)(1)(A). 15 U.S.C. 45(m)(1)(A). Defendants are only subject to liability under this section if they act "with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule." *Id.* When actual knowledge is a required element of a claim that the pleading does not state, the underlying claim must be dismissed. *See K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1059, n.4 (8th Cir. 2017).

Plaintiff uses the word "knowledge" twice in its Complaint: in Paragraph 17 to articulate the elements of a Section 5(m)(1)(A) claim and in Paragraph 43 as a threadbare recitation of the same elements. ECF No. 1. ("Upon information and belief, Defendants actually knew, or had knowledge fairly implied on the basis of objective circumstances, that the materials cited on the Research Page did not demonstrate that Vitamin D protects against, treats, or prevents COVID-19."). In Paragraph 86, Plaintiff also states that "Defendants have been aware of the

COVID-19 Consumer Protection Act since March 31, 2021 at the latest." *Id.* at ¶ 86. In none of these paragraphs, nor anywhere else in the Complaint, does Plaintiff plead any facts demonstrating Defendants' knowledge that their statements were "unfair or deceptive and . . . prohibited by [a] rule" promulgated under Section 18(a)(1)(B). Knowledge of both matters ("unfair or deceptive" and a rule prohibiting the act) is required for Section 5(m)(1)(A) liability. 15 U.S.C. 45(m)(1)(A). Without more than threadbare recitations of these elements, Plaintiff's claims under Section 5(m)(1)(A) must be dismissed. *K.T. v. Culver-Stockton Coll.*, 865 F.3d at 1059, n.4.

**c. Plaintiff Does not Plead Facts Supporting Consumer Redress.**

In addition to civil penalties, Plaintiff seeks monetary relief to "redress [alleged] injury to consumers" including "refund of monies paid, restitution, [and] the disgorgement of ill-gotten monies." ECF No. 1 at 24. Plaintiff seeks this relief under Section 19 of the FTC Act, 15 U.S.C. § 57b. That section does not identify all of the relief sought by Plaintiff. *Id.* at § 57b(b) (listing "the refund of money or return of property, the payment of damages," and allowing other forms of relief but not explicitly identifying restitution and disgorgement). Further, any relief sought under Section 19 is available only when a Defendant has violated a rule, § 57b(a)(1), or a cease and desist order, § 57b(a)(2). *See AMG*, 141 S. Ct. at 1348–49 ("Congress in § 5(l) and § 19 gave district courts the authority to impose limited monetary penalties and to award monetary relief in cases where the Commission has *issued cease and desist orders*, i.e., where the Commission has engaged in administrative proceedings.") (emphasis in original).

Generally, statutes providing consumer relief require the plaintiff to plead damages. *See, e.g.*, *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) ("damages are an essential element in pleading a RESPA claim") (citing *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510–11 (8th Cir. 2012)); *Leigh-Pink v. Rio Props., LLC*, No. 19-17556, 2021 WL

818740, at *2 (9th Cir. Mar. 3, 2021) (Nevada consumer fraud claim); *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014) ("[P]laintiffs must prove that they suffered pecuniary loss in order to prevail on their MMPA claim."). No controlling precedent determines whether claims brought under Section 19 must similarly plead damages, but the language of Section 19 supports such a reading. § 57b(b). Section 19 provides for relief "necessary to redress injury to consumers . . . from [a] rule violation" and no other relief. *Id.* Section 19 is a limited grant of jurisdiction that does not contemplate other forms of relief, and in fact expressly precludes one form of relief often tied to consumer relief: exemplary or punitive damages. *Id.*

Despite the essential nature of consumer injury to relief sought under Section 19, Plaintiff does not plead any facts identifying injury to consumers. Plaintiff only alleges the following facts concerning consumers: Defendants have sold and given away free bottles of zinc and Vitamin D to consumers. ECF No. 1, ¶¶ 59-63. Consumers have been satisfied with the products they have received and have written positive reviews. *Id.* at ¶ 64. Consumers may ingest more Vitamin D and zinc as opposed to taking other safety measures. *Id.* at ¶ 67-68. Plaintiff does not allege that Dr. Nepute's and Quickwork's products are defective, unsafe, harmful, or otherwise injuring consumers. In fact, Defendants' products are safe, promote good health, and have generated positive reviews cited in Plaintiff's complaint. ECF No. 1 at ¶ 64. No facts are pleaded which would support an award of monetary damages under Section 19, § 57b(a)(1), and the Court should dismiss any claim relying on this provision.

## III. CONCLUSION

For the foregoing reasons, the Court should (1) Dismiss Plaintiff's claims seeking monetary relief; or in the alternative (2) Strike with prejudice all references to civil monetary penalties and consumer redress in Plaintiff's Complaint including in the case caption and paragraphs 2, 17, 90,

and 91 of Plaintiff's Complaint and paragraphs (C) and (D) of Plaintiff's prayer for relief; (3) Award Dr. Nepute his attorneys' fees and costs expended defending against civil monetary penalties and consumer redress and in pursuing this motion; and (4) Grant such other and further relief as the Court deems just and proper.

Dated: June 28, 2021

Respectfully submitted,

DOWD BENNETT LLP

By: /s/ Jeremiah W. (Jay) Nixon
Jeremiah W. (Jay) Nixon #29603MO
John D. Comerford #60164MO
Arsenio Mims #68771MO
Matthew D. Ampleman #69938MO
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63015
314/889-7300 (phone)
314/863-2111 (facsimile)
jnixon@dowdbennett.com
jcomerford@dowdbennett.com
amims@dowdbennett.com
mampleman@dowdbennett.com

*Attorneys for Dr. Eric Nepute*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June 2021, I filed the foregoing motion via the Court's CM/ECF system, effecting service upon all counsel of record.

/s/ Jeremiah W. (Jay) Nixon