**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**ERIC ANTHONY NEPUTE,**
individually, and as
Owner of Quickwork LLC; and

**QUICKWORK LLC,**
a limited liability company,
also d/b/a WELLNESS WARRIOR,

Defendants.

Case No.: 4:21-cv-00437

**UNITED STATES' OPPOSITION TO QUICKWORK'S MOTION TO DISMISS AND SURREPLY TO DEFENDANTS' REPLY BRIEFS**

Defendants' replies essentially concede that their motions to dismiss misread both the government's complaint and the U.S. Supreme Court's decision in *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021). As discussed below, Defendants attempt to save their motion by arguing for the first time that the government may not enforce COVID-19 Act violations as rule violations and that the government fails to adequately plead claims for civil penalties and consumer refunds. The Court should disregard these new arguments: not only are they improperly raised on reply, but they are meritless.

**A. The FTC Act Authorizes Civil Penalties and Consumer Refunds for Rule Violations**

In their replies, Defendants retreat from their core contention that the government may not obtain civil penalties or consumer refunds without first obtaining a cease-and-desist order. They now admit that, "[i]n addition to Section 5(l)'s and 19(a)(2)'s requirement for a cease and desist

order, suits may be filed under Sections 5(m)(1)(A) and 19(a)(1)" of the FTC Act where "a defendant violated a rule under [the FTC Act] respecting unfair or deceptive acts or practices." ECF No. 25 at 3 (citing 15 U.S.C. §§ 45(m)(1)(A), 57b(a)(1)); *see* ECF No. 26 at ¶ 9. Defendants also now acknowledge that the complaint seeks civil penalties and consumer refunds under Sections 5(m)(1)(A) and 19(a)(1)-(b) for rule violations (namely, COVID-19 Consumer Protection Act violations), although they incorrectly assert that the government has "shifted its position" despite the complaint's clear allegations. *Compare* ECF No. 25 at 4 *with* ECF No. 1 at ¶¶ 15-17; *id.* at 23-24 (Prayer for Relief); *accord* ECF No. 18 at 5-6. Through these admissions, Defendants implicitly concede that *AMG*—which does not address civil penalties or consumer refunds claims under Sections 5(m)(1)(A) and 19(a)(1) of the FTC Act—cannot foreclose the government's claims for civil penalties or consumer refunds. Because Defendants moved to dismiss exclusively on the grounds that *AMG* foreclosed the government's claims, their motions should be denied. *See* ECF No. 17 at 5-8; ECF No. 19 at ¶ 4.

**B. Defendants' New Arguments are Both Waived And Meritless**

Defendants present several new arguments for the first time on reply. *See* ECF No. 25 at 5-9; ECF No. 26 at ¶ 9. All should be disregarded. "Typically, absent some reason for failing to raise an argument in an opening brief, [the Court will] not consider an argument first raised in a reply brief." *United States v. Carrillo*, 380 F.3d 411, 413 n.3 (8th Cir. 2004). Because Defendants could have raised these arguments in their opening briefs, but did not, the Court should decline to consider them. *See Kruger v. Nebraska*, 820 F.3d 295, 302 n.5 (8th Cir. 2016).

If the Court nevertheless chooses to consider them, Defendants' new arguments are as baseless as their original reasons for seeking dismissal.

*1. A COVID-19 Act Violation Qualifies as an FTC Rule Violation*

Defendants contend that the government has not adequately alleged claims for civil penalties or consumer refunds because Defendants have not violated any administrative rules. *See* ECF No. 25 at 5-7. The plain language of the COVID-19 Act, however, establishes that any violation "shall be treated as a violation of a rule defining an unfair or deceptive act or practice prescribed under section 18(a)(1)(B) of the Federal Trade Commission Act (15 U.S.C. § 57a(a)(1)(B));" and that "any person who violates" the COVID-19 Act "shall be subject to the penalties . . . . provided in the Federal Trade Commission Act"—which include civil penalties and consumer refunds under Sections 5(m)(1)(A) and 19. *See* Pub. L. No. 116-260, Title XIV, § 1401(c)(1), (c)(2)(B) (*see* ECF No. 18-1). Because the government has adequately alleged COVID-19 Act violations, the plain and unambiguous language of the statute authorizes it to seek civil penalties and consumer refunds under the FTC Act Sections 5(m)(1)(A) and 19(a)(1). *See* ECF No. 18 at 8-9.

The Court should disregard Defendants' unsupported claim that the FTC was required to promulgate an administrative rule that would be subject to notice and comment before the government may seek monetary relief for COVID-19 Act violations. *See* ECF No. 25 at 6-7 (citing COVID-19 Act § 1401(c)(2)(B)). Defendants' interpretation would render meaningless the clear text of the statute specifying that COVID-19 Act violations shall be treated as rule violations that subject violators to civil penalties, thus violating the canons of statutory interpretation. *See United States v. Jicarilla Apache Nation*, 564 U.S. 162, 185 (2011) (courts "hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law") (internal quotations omitted); *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (noting "reluctan[ce] to treat statutory terms as surplusage in any setting") (internal quotations omitted). Congress could have required the FTC to promulgate rules for notice and comment, but

it did not. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001) ("Congress . . . does not . . . hide elephants in mouseholes.").

In sum, because the government may seek civil penalties and consumer refunds under the FTC Act for rule violations, and COVID-19 Act violations are rule violations, the government may seek civil penalties and consumer refunds here.

2. *The Government Has Adequately Alleged Claims for Civil Penalties and Consumer Refunds*

In their replies, Defendants also argue for the first time that the Court should dismiss the government's claims for civil penalties and consumer refunds because the government failed to adequately allege that Defendants had the knowledge sufficient to support civil penalties or facts sufficient to support consumer refunds. *See* ECF No. 25 at 7-9; ECF No. 26 at ¶ 9. Both arguments should be rejected.

*Civil Penalties*. To obtain civil penalties under Section 5(m)(1)(A), the government must show that Defendants "violate[d] a rule . . . respecting unfair or deceptive acts or practices . . . with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule." 15 U.S.C. § 45(m)(1)(A). "A defendant is responsible where a reasonable person under the circumstances would have known of the existence of the provision and that the action charged violated that provision." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996); *accord United States v. Dish Network, LLC*, 256 F. Supp. 3d 810, 929-30 (C.D. Ill. 2017), *aff'd as to liability* 954 F.3d 970 (7th Cir. 2020). The government alleges that Defendants knew of the existence of the COVID-19 Act (the rule violation here). *See* ECF No. 1 at ¶ 86. It also alleges that deceptive marketing of products to treat or prevent COVID-19 (the "action charged" here) violated the COVID-19 Act. *See id.* at ¶¶ 81-89.

The complaint sets forth the government's bases for these allegations. Before the government filed this suit, the FTC specifically put Defendants on notice both of the existence of the COVID-19 Act, *see* ECF No. 1 at ¶ 70, ECF Nos. 1-18, 1-19, and that the FTC Act proscribed advertising claims made without competent and reliable scientific evidence in support, *see* ECF No. 1 at ¶ 69, ECF No. 1-17. Indeed, the FTC directed Nepute to "review claims for all his other products and to cease any claims not supported by competent and reliable scientific evidence." ECF No. 1 at ¶ 69 (citing ECF No. 1-17). The government has plausibly alleged both that Nepute knew of the COVID-19 Act and that marketing of products without competent and reliable support would violate the law. *See* Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement"); *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (plausibility requires only "enough fact to raise a reasonable expectation that discovery will reveal evidence" of knowledge) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Consumer Refunds*. The government has also adequately alleged a claim for consumer refunds under Section 19(a)(1) and 19(b). The government alleges that consumers have purchased Defendants' products after encountering their deceptive claims. *See* ECF No. 1 at ¶¶ 64-66. The government also alleges that consumers "have suffered . . . substantial harm" as a result of Defendants' deceptive marketing. *Id.* at ¶ 91. Consumers who purchased Defendants' products after being exposed to Defendants' deceptive marketing or who were otherwise harmed by such marketing are entitled to consumer refunds under Section 19(b). The government has thus adequately alleged a claim for consumer refunds. *See Renfroe v. Nationstar Mortg., LLC*, 822

F.3d 1241, 1246 (11th Cir. 2016) (allegations that defendant "violated its statutory obligations and as a result the plaintiff did not receive a refund" were sufficient to defeat motion to dismiss).[1]

* * * * *

For these reasons, and those set forth in the government's opposition to Nepute's motion to dismiss, *see* ECF No. 18, the government respectfully requests that the Court deny Defendant Quickwork LLC's motion to dismiss, and renews its request that the Court deny Defendant Eric Nepute's motion to dismiss.

Dated: July 1, 2021

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

SAYLER FLEMING
United States Attorney
Eastern District of Missouri

SUZANNE J. MOORE MO#45321
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
Tel: (314)539-2200
Fax: (314)539-2196
Email: suzanne.moore@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director
Consumer Protection Branch

---

[1] Defendants' authority is inapposite. In *Leigh-Pink v. Rio Properties, LLC*, __ F. App'x __, 2021 WL 818740 (9th Cir. Mar. 3, 2021) (unpublished), the Court did not dismiss any claims for failure to adequately plead damages. In *Grawitch v. Charter Communications, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014), the Court found that the plaintiffs had failed to adequately allege pecuniary loss because they did not actually pay extra for the relevant service as a result of the defendant's alleged misrepresentations. Here, the government alleges that consumers purchased Defendants' products. *See* ECF No. 1 at ¶¶ 64-66.

__*/s/ Ben Cornfeld*____________________
BEN CORNFELD 1048311(DC)
BRANDON ROBERS 1112150055(MD)
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
Civil Division
450 5th Street, N.W.
Washington, D.C. 20530
Tel: 202-598-7276 (Cornfeld)
Tel: 202-305-2023 (Robers)
Fax: 202-514-8742
Benjamin.A.Cornfeld2@usdoj.gov
Brandon.Robers@usdoj.gov

Of Counsel:
KRISTIN M. WILLIAMS
MARY L. JOHNSON
BRADY C. WILLIAMS
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mailstop CC-10528
Washington, D.C. 20850
Tel: 202-326-2619 (K. Williams)
Tel: 202-326-3115 (Johnson)
Tel: 202-326-3517 (B. Williams)
Fax: 202-326-3259
Kwilliams2@ftc.gov
Mjohnson1@ftc.gov
Bwilliams2@ftc.gov