# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

   v.

ERIC ANTHONY NEPUTE,
individually, and as
Owner of Quickwork LLC; and

QUICKWORK LLC,
a limited liability company,
also d/b/a WELLNESS WARRIOR,

      Defendants.

Case No.: 4:21-cv-00437-RLW

**STIPULATED PROTECTIVE ORDER**

  Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that confidential information, including trade secrets, proprietary commercial information, or other confidential information, be disclosed only in designated ways:

  1. As used in the Protective Order, these terms have the following meanings:

(a) "Attorneys" means (i) counsel of record and their office associates, legal assistants, and stenographic and clerical employees, and (ii) for the Department of Justice and Federal Trade Commission (the "Commission"), any directors, officers, and employees who require the litigation material to perform his or her responsibilities in connection with this litigation, but only to the extent required to perform his or her responsibilities in connection with this litigation;

(b) "Confidential Material" means any material that: (1) contains information that is not known to be in the public domain such as trade secrets, confidential or proprietary commercial or financial information, or confidential research and development information; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

(c) "Documents" are all materials within the scope of Fed. R. Civ. 34;
(d) "Sensitive Personal Information" means any:

1

1. Social Security number;
2. Sensitive health-related data including medical records;
3. Biometric identifier;
4. Date of birth;
5. Financial institution account number;
6. Credit or debit card number;
7. Home address;
8. Any one or more of the following when combined with an individual's name, address, or phone number:  (a) driver's license or other state identification number, or a foreign equivalent, (b) military identification number, (c) passport number;
9. An individual's name, if that individual is a minor;
10. An individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or
11. Other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

(e) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Confidential," a party may designate any document, including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends constitutes or contains Confidential Material or Sensitive Personal Information.  The financial and other requested materials previously provided by Defendant Quickwork LLC to Plaintiff shall be deemed "Confidential" pursuant to the terms of this Order.

3. All material designated as Confidential by a party shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraphs 4 through 6, unless authorized by law or ordered by the Court. Prohibited purposes include, but are not limited to, use for competitive purposes, harassment, embarrassment, annoyance, oppression, or undue burden or expense.

4. Access to any confidential document shall be limited to:

(a) The Court and its personnel;

(b) Attorneys;

 (c) The author of a document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, metadata, reference information in other documents, or the testimony of other witnesses.

 (d) Court reporters retained to transcribe testimony, and their staff;

 (e) Persons retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action, provided that any Sensitive Personal Information must be partially redacted before a party or a party's attorneys provide the material to mock jurors and focus group members;

 (f) During their depositions, witnesses (and Attorneys for witnesses) to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the Written Assurance; (2) no witnesses will be permitted to keep any Confidential Material or Sensitive Personal Information indefinitely, (3) no non-expert fact witness will be permitted to take any Confidential Material or Sensitive Personal Information from a deposition, and (4) only witnesses disclosed as expert witnesses who have signed a written assurance may take Confidential Material or Sensitive Personal Information from a deposition—whether in hard copy or electronic form—for the sole purpose of preparing any rebuttal expert disclosure report or their expert testimony at trial. Notwithstanding the foregoing, any individuals who are deposed who are permitted access Confidential Material or Sensitive Personal Information under Paragraphs 4(a)-(e) or 4(g) of this Order may retain Confidential material or Sensitive Personal Information.

 (g) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions

 (h) The list of persons to whom Confidential Material or Sensitive Personal Information may be disclosed identified in this Paragraph 4 may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulation and Protective Order.

5. Any party may disclose its own Confidential Material or Sensitive Personal Information in any manner that it considers appropriate.

6. Notwithstanding the limitations set forth in Paragraph 4 and subject to taking appropriate steps to preserve confidentiality, the Commission may disclose Confidential Material or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 57b-2, or as otherwise authorized or required by law.. Such entities

include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

7. Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Confidential" shall be treated by the parties to this action as "Confidential" for a period of 15 days from the date that a party receives the documents. During that 15-day period, any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

8. Each person who is to receive Confidential Material or Sensitive Personal Information, pursuant to Paragraph 4(e), shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 11 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. All depositions or portions of depositions taken in this action that contain Confidential Material or Sensitive Personal Information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the final transcript. Unless otherwise agreed, depositions shall

be treated as "Confidential" until 10 days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential Material or Sensitive Personal Information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify documents as "Confidential" shall have 10 days from the discovery of its oversight to correct its failure. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation. The inadvertent failure to designate shall not be deemed to waive a later claim as to its confidential nature. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. Such receiving party shall also confirm in writing that it has made reasonable efforts to retrieve and deleted all prior versions of the document that are not marked as confidential.

11. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall make reasonable efforts to destroy or return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

12. If a receiving party learns that, by inadvertence or otherwise, it or its Attorneys, or anyone else to whom it provided Confidential Material or Sensitive Personal Information has disclosed such information to any person or in any circumstance not authorized under Paragraph 4 of this Stipulation, the receiving party must immediately (a) notify in writing the producing party

of the disclosures and provide sufficient information about the disclosure so that the producing party can reasonably ascertain the size and scope of the disclosure; (b) inform the person or persons to whom disclosures were made of all the terms of this Stipulation.

13. If a party is served with a FOIA request, subpoena or a court order issued in other litigation that compels disclosure of any Confidential Material or Sensitive Personal Information, that party must to the extent allowed by law: (a) promptly notify in writing the designating party (such notification shall include a copy of the subpoena or court order); (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification shall include a copy of this Protective Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material or Sensitive Personal Information may be affected.

14. If a party is served with a FOIA request or subpoena and the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Material or Sensitive Personal Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential Material or Sensitive Personal Information and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

15. Pursuant to Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection is not waived by inadvertent disclosure in this matter of a privileged or protected document, and any such disclosure is also not a waiver in any other federal or state proceeding.

16. Parties' ability to designate documents as Confidential pursuant to this order does

not diminish their rights to review documents and withhold or redact information that is subject to attorney client privilege, work product privilege, other protections as allowed by law, or is otherwise irrelevant.

17. If a party intends to file a document containing Confidential Material or Sensitive Personal Information with the Court, the parties shall comply with Local Rule 13.05(A) and the Electronic Case Filing/Case Management procedures manual.

18. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

19. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all Confidential Material and Sensitive Personal Information, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, correspondence generated in connection with the action, deposition transcripts and exhibits, Court orders and hearing transcripts, legal memoranda, expert reports, attorney work product, consultant and expert work product, and any other document that qualifies as a Record within the meaning of 44 U.S.C. § 3301. All such materials shall remain subject to the Protective Order.

20. Notwithstanding the foregoing, the Commission shall retain, return, or destroy

Confidential Material or Sensitive Personal Information in accordance with 16 C.F.R. § 4.12, including retaining such information to assist with ongoing law enforcement or bankruptcy matters, enforcement of any final orders entered in this action, providing redress to consumers (if ordered by the Court), or any policy or research matters consistent with the Commission's mission, provided that the Commission continues to take all appropriate steps to protect the confidentiality of the materials.

21. Any law enforcement agency other than the Commission that has received copies of any Confidential Material or Sensitive Personal Information may retain such information to assist with other ongoing law enforcement matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials.

22. Any congressional committee may maintain copies of Confidential Material or Sensitive Personal Information obtained from the Commission to the extent allowed or required by law.

23. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

24. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

25. The obligations imposed by the Protective Order shall survive the termination of this action.

26. After the termination of this action, the parties shall comply with Local Rule 13.05(B)(2).

**SO ORDERED.**

Dated this 8th day of December, 2021.

                                                                                    RONNIE L. WHITE
                                                                                    UNITED STATES DISTRICT JUDGE

# EXHIBIT A
## WRITTEN ASSURANCE

I, _____, declare that:

     1. My address is _____, and the address of my present employer is _____.

     2. My present occupation or job description is _____
_____.

     3. My present relationship to plaintiff(s)/defendant(s) is _____
_____.

     4. I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

     5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information received under the protection of the Protective Order.

     6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

     I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

     Executed this _____ day of _____, 20__, in the State of _____.

                                                             _____
                                                             Signature