# ATTACHMENT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>    v.<br><br>ERIC ANTHONY NEPUTE,<br>individually, and as<br>Owner of Quickwork LLC; and<br><br>QUICKWORK LLC,<br>a limited liability company,<br>also d/b/a WELLNESS WARRIOR,<br><br>                 Defendants. | Case No.: 4:21-cv-00437-RLW |

**[PROPOSED] ORDER ADJUDGING CIVIL CONTEMPT**

This matter comes before the Court on Plaintiff's March 4, 2022 Motion for an Order to Show Cause, ECF No. 50. On _____, the Court ordered Defendants Eric Nepute and Quickwork LLC to show cause why they should not be held in civil contempt for violations of the May 5, 2021 Consent Order, ECF No. 15. Upon consideration of the parties' written submissions and arguments, the Court finds that Defendants Eric Nepute and Quickwork LLC violated Paragraphs A and B of the Consent Order.

Accordingly,

**IT IS HEREBY ORDERED** Defendants Eric Nepute and Quickwork LLC are in civil contempt of the May 5, 2021 Consent Order, ECF No. 15.

**IT IS FURTHER ORDERED** that:

1

1) Defendant Nepute shall remove any recording of any daily radio show known as "Real Talk with Dr. Eric Nepute" (the "Radio Show") that both contains a prohibited statement concerning Vitamin D or zinc and contains any form of advertising for a Wellness Warrior product (including the broadcast of a Wellness Warrior commercial or any reference by Nepute to his website or products) from any website or other media controlled by Quickwork or Nepute, including but not limited to the February 7, 2022 Radio Show recording on the @RealTalkWithDrE CloutHub account;

2) Defendant Nepute shall exercise best efforts to cause Real Talk Radio Network, airing on KRTK (93.3 FM) and affiliated stations (the "Radio Station"), to remove any recording of the Radio Show that both contains a prohibited statement concerning Vitamin D or zinc and contains any form of advertising for a Wellness Warrior product (including the broadcast of a Wellness Warrior commercial or any reference by Nepute to his website or products) from its website or any other media controlled by it, including but not limited to the Radio Station Facebook and CloutHub accounts. Such recordings include the February 4, 2022, February 7, 2022, February 15, 2022, February 16, 2022, February 17, 2022, and February 21, 2022 Radio Shows;

3) Within seven days of the Court's order, Defendant Nepute shall cause to be filed with the Court an affidavit confirming that all such recordings have been removed from all websites or other media controlled by Quickwork or Nepute and from all Radio Station media or, in the event that he is unable to cause the Radio Station to remove the recordings, detailing his efforts to cause the Radio Station to remove

the recordings, and identifying all recordings that are still publicly available and all websites or other media on which such recordings remain. All recordings must be identified by name, date, any website(s) on which they are posted, and the URL of that website;

4) Defendant Nepute shall pay to the Court a coercive fine of $500 each day, beginning seven days after the date of the Court's order, in which violative content has not been removed from all websites or other media controlled by Quickwork, Nepute, or the Radio Station, or in which Nepute has not caused to be filed with the Court an affidavit demonstrating that he has made best efforts to cause the Radio Station to remove all violative content and identifying all recordings that are still publicly available and all websites or other media on which such recordings remain. All such recordings must be identified by name, date, any website(s) on which they are posted, and the URL of that website;

5) Defendant Nepute shall pay to the Court a coercive fine for any future violations of the Consent Order. The first future violation shall be subject to a $500 coercive fine. For each additional violation thereafter, the fine shall increase by $500 per violation (e.g., the fine for the second violation shall be $1,000, and the fine for the third violation shall be $1,500);

6) Defendant Quickwork shall pay to the Court a coercive fine for any future violations of the Consent Order. The first future violation shall be subject to a $1,500 coercive fine. For each additional violation thereafter, the fine shall increase by $1,500 per violation (e.g., the fine for the second violation shall be $3,000, and the fine for the third violation shall be $4,500); and

7) For each future violation, Defendants shall (i) exercise best efforts to cause the removal of any recordings containing violative content that are publicly available in accordance with Paragraphs 1 and 2; and (ii) within seven days of the Court's order adjudging violations, cause to be filed an affidavit with the Court that complies with Paragraph 3. Defendant Nepute shall pay to the Court a daily coercive fine in the amount calculated in accordance with Paragraph 5, and Defendant Quickwork shall pay to the Court a daily coercive fine in the amount calculated in accordance with Paragraph 6, beginning seven days after the date of a future Court order adjudging violations, if Defendants have not either (i) removed all violative content from all media controlled by Defendants, their agents, officers, employees, all other persons and entities in active concert or participation with them, or the Radio Station; or (ii) Defendants have not caused to be filed with the Court an affidavit demonstrating that they have made best efforts to remove or cause the removal of all violative content and identifying all such content. All such content must be identified by name, date, any website(s) on which it is posted, and the URL of that website.

**IT IS SO ORDERED**.

DATED this____ of_____, 2022.

BY THE COURT:

_____