# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>**ERIC ANTHONY NEPUTE**,<br>　individually, and as<br>　Owner of Quickwork LLC; and<br><br>**QUICKWORK LLC**,<br>　a limited liability company,<br>　also d/b/a WELLNESS WARRIOR,<br><br>　　　　　　　　　　Defendants. | Case No.: 4:21-cv-00437<br><br>**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT NEPUTE TO PRODUCE EVIDENCE ON ABILITY TO PAY A CIVIL PENALTY** |

## I.　Introduction

Plaintiff the United States of America moves for an order compelling Defendant Eric Anthony Nepute to respond to interrogatories and produce documents relating to his ability to pay a civil penalty for violating the COVID-19 Consumer Protection Act ("COVID-19 Act"), Pub. L. No. 116-260, Title XIV, § 1401.  The Federal Trade Commission Act ("FTC Act") requires the Court to consider a violator's ability to pay in setting a civil penalty, *see* 15 U.S.C. § 45(m)(1)(C), but Nepute has steadfastly refused to provide the critical information necessary to conduct the requisite inquiry.  The parties failed to resolve this dispute during their meet-and-confer efforts, and Plaintiff therefore seeks the Court's assistance in obtaining this information.

## II.　Procedural Background

On August 27, 2021, Plaintiff served its First Set of Interrogatories and First Set of Requests for the Production of Documents to Nepute.  Among other things, Plaintiff sought

information and documents relevant to Nepute's ability to pay any civil penalty that might be ordered by the Court.  To that end, the Interrogatories demanded the following:

    1.      Identify all of Your Family's[1] Assets and Liabilities, itemized by type of Asset or Liability and by dollar value.

    2.      Identify all sources of Income earned by Your Family, itemized and by dollar value.

    3.      Identify all transfers of Your Family's Assets exceeding $2,500, including all loans, gifts, and sales of Assets.

*See* Declaration of Ben Cornfeld ("Cornfeld Decl."), Ex. A (Plaintiff's First Interrogatories) at 10.

Similarly, the Document Requests required Nepute to produce:

    2.      Documents sufficient to identify, show the dollar value of, and substantiate all of the Assets of every person in Your Family.

    3.      Documents sufficient to identify, show the dollar value of, and substantiate all of Your Family's Liabilities.

    4.      Documents sufficient to identify the sources of, show dollar value of, and substantiate all of Your Family's Income earned or received from any source over the previous five years, including from the sale or shipping of Wellness Warrior Products and from distributions from Quickwork, BMF Wellness, LLC, or any other business entity.

    5.      Documents sufficient to identify, show the dollar value of, and substantiate all of Your Family's expenses for each month for the previous five years.

    6.      Documents sufficient to identify, show the dollar value of, and substantiate all of Your Family's transfers of Assets of greater than $2,500, including the transferee's name, address, and relationship to You; the property transferred; the aggregate value of the Asset; the transfer date; and the type of transfer (e.g., loan, gift).

*See* Cornfeld Decl., Ex. B (Plaintiff's First Document Requests) at 10-11.  Both the Interrogatories and Document Requests required Nepute to produce information and documents within his

---

[1] For purposes of Plaintiff's Interrogatories and Document Requests, "Your Family" referred to "You, Your spouse, and any of Your Dependents."

"possession, custody, or control" (or, for the interrogatories, that of his agents). *See* Cornfeld Decl., Ex. A at 1; Cornfeld Decl., Ex. B at 6.

On November 11, 2021, Nepute objected to each of these requests on identical grounds:

> Defendant Nepute objects on the basis that this interrogatory is overly broad, unduly burdensome, and is not reasonably likely to lead to the discovery of admissible evidence. Defendant Nepute further objects that this interrogatory seeks information, such as compensation paid to members of his family that is not within his possession, custody, or control.

*See* Cornfeld Decl., Ex. C (Objections to Interrogatories) at 2-3; Cornfeld Decl., Ex. D (Objections to Document Requests) at 2-4.

Plaintiff's counsel telephonically met and conferred with Nepute's counsel on February 8, 2022 and on April 15, 2022. Counsel for Plaintiff noted that this financial information is relevant so that the Court and Plaintiff can determine Nepute's ability to pay a civil penalty for violations of the COVID-19 Act, Pub. L. No. 116-260, § 1401. Nevertheless, Nepute refused to produce the documents and information required by Plaintiff's Interrogatories and Document Requests. The parties are therefore at an impasse and unable to resolve this discovery issue without the intervention of the Court. The discovery cut-off date is currently scheduled for June 30, 2022.

**III.   Argument**

Federal Rule of Civil Procedure 26(b) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing [production] has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Bell v. Lombardi*, No. 4:14-CV-27, 2015 WL 402084, at *1 (E.D. Mo. Jan. 28, 2015) (citing *Hofer v. Mack Trucks, Inc.* 981 F.2d 377, 380 (8th Cir. 1993)). "Bare assertions that the discovery

3

requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production." *Id.*

The Interrogatories and Document Requests, which seek information regarding Nepute's personal and household finances, are relevant because they bear on Nepute's ability to pay a civil penalty for violations of the COVID-19 Act, Pub. L. No. 116-260, § 1401. Because violations of the COVID-19 Act are treated as FTC rule violations, *id.* § 1401(c)(1), ECF No. 47 at 7-9, the Court "shall" consider Nepute's "ability to pay" "[i]n determining the amount of . . . a civil penalty," 15 U.S.C. § 45(m)(1)(A), (C). Nepute's personal and household financial information bears on his ability to pay and is therefore relevant to Plaintiff's claim. *See, e.g., United States v. Bayley*, No. 3:20-CV-5867, 2022 WL 1014993, at *6 (W.D. Wash. Apr. 5, 2022) (financial documents "are relevant because civil penalties" in government enforcement action "are, in part, based on a defendant's ability to pay") (collecting cases); *see also United States v. Com. Recovery Sys., Inc.*, No. 4:15-CV-36, 2017 WL 1065137, at *3 (E.D. Tex. Mar. 21, 2017) (discussing defendant's and his spouse's expenditures as a possible factor affecting a violator's ability to pay); *United States v. Dish Network LLC*, No. 3:09-CV-3073, 2016 WL 29244, at *11 (C.D. Ill. Jan. 4, 2016) (excluding testimony of certain witnesses because evidence regarding defendant's ability to pay civil penalties for violating an FTC rule should have been produced during discovery). Nepute's relevance objection should therefore be overruled.

Nepute also contends that Plaintiff's requests are "overly broad" and "unduly burdensome." They are neither. The Document Requests seek only "documents sufficient" to identify Nepute's assets, liabilities, income, expenses, and asset transfers; they do not seek all documents relating to such topics. The Interrogatories seek only identification of Nepute's assets, income, liabilities, and asset transfers. And both requests seek information regarding assets,

4

liabilities, and asset transfers of significant size.  *See, e.g.*, Cornfeld Decl., Ex. B at 4, 8 (Assets and Liabilities must exceed $200); *id.* at 10-11 (transfers greater than $2,500).

Nepute "cannot simply invoke generalized" breadth and burden objections.  *Baykeeper v. Kramer Metals, Inc.*, No. 2:07-CV-3849, 2009 WL 10671577, at *7 (C.D. Cal. Feb. 27, 2009). Rather, he must "show specifically how . . . each request is overly broad, burdensome, or oppressive . . . revealing the nature of the burden", and "must explain and/or establish the basis for its objection ***at the time it asserts its objection***."  *Id.* (cleaned up) (emphasis added).  Nepute did not explain or establish the basis for his breadth and burden objections; they should therefore be overruled.

Finally, Nepute's possession, custody, and control objection to producing his spouse's and dependents' financial information lacks merit.  Again, Nepute has made only generalized objections.  He has not demonstrated—nor even attempted to articulate—why he lacks the "practical ability to obtain" the requested records of his spouses and dependents, who are members of his household.  *In re Hallmark Capital Corp.*, 534 F. Supp. 2d 981, 982 (D. Minn. 2008) (quoting *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000)).  Accordingly, this objection should also be overruled.

## IV.   Conclusion

For reasons set forth above, Plaintiff respectfully requests that the Court order Nepute to respond to Plaintiff's First Set of Interrogatories, numbers 1-3, and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents, numbers 2-6.

Dated: May 2, 2022

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

SAYLER FLEMING
United States Attorney
Eastern District of Missouri

SUZANNE J. MOORE  MO#45321
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
Tel: (314)539-2200
Fax: (314)539-2196
Email: suzanne.moore@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director
Consumer Protection Branch


  /s/    Ben Cornfeld
BRANDON ROBERS 1112150055(MD)
BEN CORNFELD 1048311(DC)
ZACHARY COWAN 53432 (NC)
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
Civil Division
450 5th Street, N.W.
Washington, D.C. 20530
Tel: 202-598-7276 (Cornfeld)
Tel: 202-305-2023 (Robers)
Tel: 202-598-7566 (Cowan)
Fax: 202-514-8742
Benjamin.A.Cornfeld2@usdoj.gov
Brandon.Robers@usdoj.gov
Zachary.L.Cowan@usdoj.gov

Of Counsel:

KRISTIN M. WILLIAMS
MARY L. JOHNSON

        Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mailstop CC-10528
Washington, D.C. 20850
Tel: 202-326-2619 (Williams)
Tel: 202-326-3115 (Johnson)
Fax: 202-326-3259
Kwilliams2@ftc.gov
Mjohnson1@ftc.gov