UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>ERIC ANTHONY NEPUTE,<br>individually, and as<br>Owner of Quickwork LLC; and<br><br>QUICKWORK LLC,<br>a limited liability company,<br>also d/b/a WELLNESS WARRIOR,<br><br>       Defendants. | Case No.: 4:21-cv-00437-RLW |

**DEFENDANT DR. NEPUTE'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Defendant Dr. Eric Anthony Nepute (hereinafter "Dr. Nepute" or "Defendant") and presenting his Memorandum in Opposition to Plaintiff's Motion to Compel, states as follows:

**I. INTRODUCTION**

Plaintiff seeks to invade upon the private financial information and documents of Dr. Nepute and his non-party wife and children. Such encroachment is improper on several grounds, especially considering there has been no finding of liability in this case which might even remotely support such sensitive inquires. These records are only conceivably relevant if liability is established and, as such, the requests are premature. Furthermore, these intrusive premature requests seek to impose an undue burden on Defendant who adamantly denies any wrongdoing whatsoever. Notwithstanding the foregoing, Plaintiff has already received a significant amount

1

of financial information from Co-Defendant Quickwork, LLC, of which Dr. Nepute holds an ownership interest.

All of these points were reiterated by Defendant's counsel during the parties' telephonic meet and confer discussions on February 8, 2022 and April 15, 2022. *See* Declaration of S. Jay Dobbs ("Dobbs Decl.") at ₱₱ 2-4. Nevertheless, Plaintiff continues to pursue private financial information of the Nepute family as if it has already proven liability. For the reasons set forth herein, Plaintiff's Motion to Compel must be denied.

## II.   ARGUMENT

### A. Plaintiff's Requests are Premature.

The only justification Plaintiff offers for disclosure of this sensitive and confidential information is that the Court must consider Dr. Nepute's ability to pay a civil penalty. This theory requires the Court to assume relevance simply because Dr. Nepute is a defendant in lawsuit under the FTC Act, which *if proven liable*, *may* carry a civil penalty. However, only *if proven liable*, should the Court consider Dr. Nepute's ability to pay in determining the amount of a civil penalty, should a penalty be imposed.

Plaintiff puts the cart before the horse as there has been no finding of liability in this case and Defendant adamantly denies any wrongdoing. Plaintiff attempts to pry into the finances of the Nepute family's finances under the guise of aiding the Court in a *potential future* determination of ability to pay a civil penalty. This is akin to the pre-judgment discovery, which is strictly prohibited by Rule 26. Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." *Raney-Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D.Ohio 1977). "District courts across the country generally do not allow pre-judgment

discovery regarding a defendant's financial condition or ability to satisfy a judgment on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence". *Sierrapine v. Refiner Products Mfg., Inc.*, 275 F.R.D. 604, 609–10 (E.D. Cal. 2011) (collecting cases).[1] Plaintiff's requests are improper, or at best, premature.

Nevertheless, Plaintiff believes it is entitled to the Nepute's finances under 15 U.S.C. § 45(m)(1)(A), (C) of the FTC Act. However, Plaintiff fails to cite a single FTC case to support its entitlement to a premature forced production of sensitive financial information prior to a finding of liability.[2] Instead, Plaintiff cites three unpublished opinions which bear little resemblance to the factual and procedural posture of this case.

Plaintiff cites *United States v. Commercial Recovery Systems, Inc.* a memorandum opinion and order on plaintiff's memorandum in support of civil penalties. 4:15-CV-00036, 2017 WL 1065137, at *1 (E.D. Tex. Mar. 21, 2017). While at least an FTC case, this case is not analogous as it does little to support forced disclosure of financial information before a finding of liability. In *Commercial Recovery Systems* liability had already been established and the Court was actively considering the defendant's ability to pay civil penalties. *Id*. The plaintiff there contended that defendant failed to provide any financial documentation to evidence his net worth. *Id*. Nevertheless, the Court was able to determine that a $2MM civil penalty was reasonable without these financial documents, noting that "a defendant's ability to pay is not a determinative factor in

---

[1] *See also* James Wm. Moore, 6 Moore's Federal Practice § 26.41[8][a] (Matthew Bender 3d ed. 2011) (discussing the increasingly restrictive standards pertaining to discovery of a party's financial condition and stating that "[t]he relevancy requirement is not met when a party wants to know the opposing party's assets prejudgment to determine what assets are available for attachment should that party succeed in obtaining a favorable judgment").

[2] Plaintiff cannot cite to a COVID-19 Act case to support its argument as this lawsuit is the first of its kind.

assessing a § 45(m)(1)(A) civil penalty," but rather "it is merely one factor to be considered by the Court." Id. (*quoting United States v. Cornerstone Wealth Corp., Inc.*, 549 F. Supp. 2d 811, 823–24 (N.D. Tex. 2008).

Plaintiff also cites *United States v. Dish Network, L.L.C.*, suggesting that the court "exclude[ed] testimony of certain witnesses because evidence regarding [the] defendant's ability to pay civil penalties for violating an FTC rule should have been produced during discovery."[3] *United States v. Dish Network, L.L.C.*, 3:09-CV-3073, 2016 WL 29244, at *11 (C.D. Ill. Jan. 4, 2016). Plaintiff's argument is misleading as the witnesses were excluded because they themselves were not disclosed during discovery and the Court found it prejudicial that the plaintiff did not have the opportunity to depose either witness due to the non-disclosure. *Id*. The exclusion was not simply due to a failure to produce financial documents during discovery and this unreported decision does nothing to support Plaintiff's argument that it is entitled to a premature forced discovery.

Finally, Plaintiff cites *United States v. Bayley* for the prospect that "financial documents are relevant because civil penalties in government enforcement actions are, in part, based on a defendant's ability to pay."[4] 3:20-CV-05867, 2022 WL 1014993, at *6–7 (W.D. Wash. Apr. 5, 2022). Plaintiff misleads the Court in lumping *Bayley*—an action brought under the Clean Water Act—together with all "government enforcement actions". The Court in *Bayley* make no mention of any other government enforcement actions, and certainly not one under the FTC. Actions under the CWA are inapposite to a novel case under the COVID-19 Act or one brought under the FTC Act, especially where as here, Plaintiff did not exercise and complete its typical administrative

---

[3] *See* ECF No. 60 at pg. 4.
[4] *See* ECF No. 60 at pg. 4.

remedies as one must expect in most FTC actions. In those cases, liability is usually determined per an administrative cease and desist order before the action is brought before a civil court for monetary relief.[5] As this Court is well aware, the government skipped this step altogether.

In sum, Rule 26 should apply an absolute bar to the discovery sought by Plaintiff and Plaintiff has cited no case which supports its purported entitlement to the improper and premature pre-liability discovery of the Nepute's private finances. With that said, in the even this Court does find Dr. Nepute liable for the claims against him, the Court could set a disclosure schedule for further disclosure of certain financial documents necessary to allow it to make its determination as to the reasonableness of potential penalties. But prior to such a finding of liability, Plaintiff cannot be allowed to delve into such sensitive and irrelevant information.

### B. Plaintiff Received Financial Documents from Quickwork.

Plaintiff has already received financial documents and information from Co-Defendant Quickwork, LLC including information as to the profits and income of the company as well as Dr. Nepute's 60% ownership interest. Indeed, Plaintiff has requested information and documentation regarding Dr. Nepute's assets and sources of income, specifically regarding the sale or shipping of Wellness Warrior Products and from distributions from Quickwork. This information has been provided by Quickwork and Plaintiff's attempts to badger Nepute with duplicative requests is spurious. *See* Quickwork 5785-99, 5909-20, 5992-93. Moreover, income generated outside of Quickwork activities is irrelevant.

### C. Plaintiff's Requests are Overbroad and Unduly Burdensome.

Plaintiff seeks to impose an undue burden upon Defendant and his family by requesting

---

[5]*See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341, 1347 (citing 15 U.S.C. § 53(b)).

information and documents which not only invade into the private financial affairs of the Nepute's but are extensive to the point that they serve no legitimate purpose other than to harass. Plaintiff seeks five years' worth of documents that "identify the source of, show the dollar value of, and substantiate all" assets, liabilities and income earned. *See* Declaration of Ben Cornfeld, Ex. B at 10-11. Plaintiff also seeks documents which identify and substantiate every single expense of the Nepute family for each month of the past five years. *Id*. There is no doubt that such a request is extremely overbroad, burdensome and invasive and has nothing to do with the present financial ability to pay a civil penalty.

### III. CONCLUSION

For the foregoing reasons, the Court should Deny Plaintiff's Motion to Compel, and grant Defendant such other and further relief as the Court deems just and proper.

Dated:  May 18, 2022                    Respectfully submitted,

MCARTHY LEONARD KAEMMERER

By:  /s/ S. Jay Dobbs
S. Jay Dobbs #40859
Brian E. McGovern, #34677
825 Maryville Centre Dr., Suite 300
Town and Country, Missouri 63017
314-392-5200 (phone)
314-392-5221 (facsimile)
jdobbs@mlklaw.com
bmcgovern@mlklaw.com

*Attorneys for Dr. Eric Nepute*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2022, I filed the foregoing motion via the Court's CM/ECF system, effecting service upon all counsel of record.

/s/   *S. Jay Dobbs*