# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No.: 4:21-cv-00437 |
| Plaintiff, | **UNITED STATES' REPLY** |
| v. | **MEMORANDUM IN SUPPORT OF** |
| | **ITS MOTION TO COMPEL** |
| **ERIC ANTHONY NEPUTE**, | **DEFENDANT NEPUTE TO** |
| individually, and as | **PRODUCE EVIDENCE ON ABILITY** |
| Owner of Quickwork LLC; and | **TO PAY A CIVIL PENALTY** |
| | |
| **QUICKWORK LLC**, | |
| a limited liability company, | |
| also d/b/a WELLNESS WARRIOR, | |
| | |
| Defendants. | |

Defendant Eric Anthony Nepute does not seriously contest that his ability to pay a civil penalty is relevant to this action and discoverable under Federal Rule of Civil Procedure 26(b). Nor could he. Rule 26(b) authorizes Plaintiff the United States of America to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" And the Federal Trade Commission Act ("FTC Act") requires the Court to consider Nepute's ability or inability to pay when setting a civil penalty. *See* 15 U.S.C. § 45(m)(1)(C). Under similar enforcement schemes, courts have concluded that "financial information is clearly relevant" to the party's claims and defenses and is therefore discoverable. *Baykeeper v. Kramer Metals, Inc.,* No. 2:07-CV-3849, 2009 WL 10671577, at *3-*4 (C.D. Cal. Feb. 27, 2009); *see, e.g., United States v. Bayley*, No. 3:20-CV-5867, 2022 WL 1014993, at *6 (W.D. Wash. Apr. 5, 2022).[1]

---

[1] Like the Clean Water Act (at issue in *Baykeeper* and *Bayley*), the FTC Act requires the Court to consider a violator's ability to pay when setting a civil penalty. *Compare* 15 U.S.C. § 45(m)(1)(C) ("In determining the amount of such a civil penalty, the court shall take into account the . . . ability to pay") *with* 33 U.S.C. § 1319(d) ("In determining the amount of a civil penalty the

Rather than contesting relevance generally, Nepute instead asserts that Plaintiff's request for financial information is "premature" and "overbroad." Nepute mischaracterizes authority on the former point and contravenes authority on the latter. The government is not seeking discovery into whether Nepute can pay a judgment. *See Sierrapine v. Refiner Prod. Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011) (recognizing that courts "generally do not allow pre-judgment discovery regarding a defendant's . . . ability to satisfy a judgment" because "such discovery is not relevant to the parties' claims or defenses"). Rather, Nepute's ability to pay is discoverable as part of Plaintiff's claims under the FTC Act, which makes clear that the ability to pay is relevant to "the determination of a penalty itself." *Bayley*, 2022 WL 1014993, at *6; *cf. Sierrapine*, 275 F.R.D. at 610 (holding that pre-judgment discovery into ability to pay was impermissible where it was not "addressed to any of the actual claims and defenses raised in the pleadings").[2]

As to breadth, Nepute misinterprets the FTC Act by asserting that "income generated outside of Quickwork is irrelevant" to the civil penalty. Nepute is named as an individual defendant. As such, the statute instructs the court to consider his ability to pay more generally— not just the benefits derived from his violations—when imposing a penalty. *See, e.g., United States v. Danube Carpet Mills, Inc.*, 737 F.2d 988, 994-95 (11th Cir. 1984) (considering "net worth,"

---

court shall consider . . . the economic impact of the penalty on the violator"). Outside civil enforcement, courts also allow discovery into financial information where it is relevant to a claim or defense, such as when a claimant seeks punitive damages. *See Baykeeper*, 2009 WL 10671577, at *3-*4 (citing, among others, *Hollins v. Powell*, 773 F.2d 191, 198 (8th Cir. 1985)).

[2] The Court should reject Nepute's passing suggestion to set a separate disclosure schedule for information on his ability to pay a civil penalty. As the court is aware, the parties will mediate on June 16, 2022, in an effort to resolve this case. ECF No. 68. Because "financial information is valuable in assisting both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation," *Baykeeper*, 2009 WL 10671577, at *4 (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998)), a lack of discovery into Nepute's ability to pay will seriously hamper this effort.

including assets, a part of the ability to pay analysis); *United States Dep't of Just. v. Daniel Chapter One*, 89 F. Supp. 3d 132, 153 (D.D.C. 2015) (same), *aff'd,* 650 F. App'x 20 (D.C. Cir. 2016).  This includes household financial information sufficient to identify Nepute's assets, liabilities, income, expenses and asset transfers.  *See United States v. Com. Recovery Sys., Inc.*, No. 4:15-CV-36, 2017 WL 1065137, at *3 (E.D. Tex. Mar. 21, 2017).

For these reasons—and for the reasons provided in Plaintiff's Memorandum in Support of its Motion to Compel, ECF No. 60—Plaintiff respectfully requests that the Court order Nepute to respond to Plaintiff's First Set of Interrogatories, numbers 1-3, and produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents, numbers 2-6.

Dated: May 23, 2022

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

SAYLER FLEMING
United States Attorney
Eastern District of Missouri

SUZANNE J. MOORE  MO #45321
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
Tel: 314-539-2200
Fax: 314-539-2196
Email: suzanne.moore@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director
Consumer Protection Branch

  /s/     *Zachary L. Cowan*
BRANDON ROBERS  MD #1112150055
BEN CORNFELD  DC #1048311
ZACHARY COWAN  NC #53432
Trial Attorneys
Consumer Protection Branch

3

U.S. Department of Justice
Civil Division
450 5th Street, N.W.
Washington, D.C. 20530
Tel: 202-598-7276 (Cornfeld)
Tel: 202-305-2023 (Robers)
Tel: 202-598-7566 (Cowan)
Fax: 202-514-8742
Benjamin.A.Cornfeld2@usdoj.gov
Brandon.Robers@usdoj.gov
Zachary.L.Cowan@usdoj.gov

Of Counsel:

KRISTIN M. WILLIAMS
MARY L. JOHNSON
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mailstop CC-10528
Washington, D.C. 20850
Tel: 202-326-2619 (Williams)
Tel: 202-326-3115 (Johnson)
Fax: 202-326-3259
Kwilliams2@ftc.gov
Mjohnson1@ftc.gov