### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 4:21-cv-00437-RLW |
| Plaintiff, | STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT AGAINST QUICKWORK LLC |
| v. | |
| **ERIC ANTHONY NEPUTE**, individually, and as Owner of Quickwork LLC; and, | |
| **QUICKWORK LLC**, a limited liability company, also d/b/a WELLNESS WARRIOR, | |
| Defendants. | |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Relief pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1). Defendant Quickwork LLC ("Quickwork") has waived service of the summons and the Complaint. Plaintiff and Quickwork stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them, including potential action by Plaintiff under Section 19(a)(2) of the FTC Act, 15 U.S.C. § 57b(a)(2).

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Quickwork participated in deceptive acts or practices

in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45, 52, and the COVID-19

Consumer Protection Act of the 2021 Consolidated Appropriations Act ("COVID-19 Act"),

Pub. L. No. 115-260, Title XIV, § 1401(b)(1), in connection with their advertising, sale, and

distribution of products containing Vitamin D and Zinc.

3.      Quickwork neither admits nor denies any of the allegations in the Complaint,

except only as necessary to establish jurisdiction over this action.

4.      Quickwork waives any claim that it may have under the Equal Access to Justice

Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order,

and agrees to bear its own costs and attorney fees.

5.      Quickwork and Plaintiff waive all rights to appeal or otherwise challenge or

contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A.      "Covered Product" means any Food, Drug, or Dietary Supplement, including but

not limited to Wellness Warrior Vitamin D, Wellness Warrior Zinc, Wellness Warrior Kids'

Multivitamin, Wellness Warrior Boost Pack, and Wellness Warrior Immune Pack.

B.      "Dietary Supplement" means: (1) any product labeled as a dietary supplement or

otherwise represented as a dietary supplement; or (2) any pill, tablet, capsule, powder, softgel,

gelcap, liquid, or other similar form containing one or more ingredients that are a vitamin,

mineral, herb or other botanical, amino acid, probiotic, or other dietary substance for use by

humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite,

constituent, extract, or combination of any ingredient described above, that is intended to be

2

ingested, and is not represented to be used as a conventional food or as a sole item of a meal or the diet.

C.     "Drug" means: (1) articles recognized in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; (2) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in humans or other animals; (3) articles (other than food) intended to affect the structure or any function of the body of humans or other animals; and (4) articles intended for use as a component of any article specified in (1), (2), or (3); but does not include devices or their components, parts, or accessories.

D.     "Essentially Equivalent Product" means a product that contains the identical ingredients, except for inactive ingredients (e.g., binders, colors, fillers, excipients), in the same form and dosage, and with the same route of administration (e.g., orally, sublingually), as the Covered Products; *provided that* the Covered Products may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field indicates that the amount and combination of additional ingredients is unlikely to impede or inhibit the effectiveness of the ingredients in the Essentially Equivalent Product.

E.     "Food" means: (1) any article used for food or drink for humans or other animals; (2) chewing gum; and (3) any article used for components of any such article.

## ORDER

## I. PROHIBITED REPRESENTATIONS REGARDING CERTAIN COVID-19-RELATED CLAIMS REQUIRING HUMAN CLINICAL TESTING FOR SUBSTANTIATION

IT IS ORDERED that Quickwork, Quickwork's officers, agents, employees, and attorneys, while acting in their capacity as a Quickwork officer, agent, employee, or attorney, and all other persons in active concert or participation with any of them, who receive actual

3

notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, are permanently restrained and enjoined from making any express or implied representation that such product:

(1) prevents or reduces the likelihood of infection with, or transmission of, the SARS-CoV-2 virus;

(2) provides immunity against, or otherwise prevents a person from contracting COVID-19;

(3) reduces the severity or duration of COVID-19;

(4) prevents the spread of COVID-19;

(5) has greater efficacy in treating or preventing COVID-19 than any FDA-approved COVID-19 vaccine; or

(6) otherwise cures, mitigates, or treats COVID-19

unless (A) the Food and Drug Administration has specifically approved the representation or (B) the representation is non-misleading, and, at the time of making such representation, they possess and rely upon competent and reliable scientific evidence that substantiates that the representation is true.

For purposes of this Section, competent and reliable scientific evidence must consist of human clinical testing of the Covered Product, or of an Essentially Equivalent Product, that is sufficient in quality and quantity based on standards generally accepted by experts in the relevant disease, condition, or function to which the representation relates, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. Such testing must be: (1) at least two randomized, double-blind, and placebo-controlled

4

studies; and (2) conducted by researchers qualified by training and experience to conduct such testing. In addition, all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of such testing as described in the Section of this Order titled Preservation of Records Relating to Competent and Reliable Human Clinical Tests or Studies must be available for inspection and production to Plaintiff and the Commission. Persons covered by this Section will have the burden of proving that a product satisfies the definition of an Essentially Equivalent Product. Plaintiff and Quickwork agree that, as of the date that they execute this Stipulated Order, there are no tests as described in this Section substantiating that vitamin D or zinc:

(1) prevents or reduces the likelihood of infection with, or transmission of, the SARS-CoV-2 virus;

(2) provides immunity against, or otherwise prevents a person from contracting COVID-19;

(3) reduces the severity or duration of COVID-19;

(4) prevents the spread of COVID-19;

(5) has greater efficacy in treating or preventing COVID-19 than any FDA-approved COVID-19 vaccine; or

(6) otherwise cures, mitigates, or treats COVID-19.

## II. PRESERVATION OF RECORDS RELATING TO COMPETENT AND RELIABLE HUMAN CLINICAL TESTS OR STUDIES

IT IS FURTHER ORDERED that, with regard to any human clinical test or study ("test") upon which Quickwork relies to substantiate any claim covered by this Order, Quickwork must secure and preserve all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of the test, including:

5

A.      All protocols and protocol amendments, reports, articles, write-ups, or other accounts of the results of the test, and drafts of such documents, reviewed by the test sponsor or any other person not employed by the research entity;

B.      All documents referring or relating to recruitment; randomization; instructions, including oral instructions, to participants; and participant compliance;

C.      Documents sufficient to identify all test participants, including any participants who did not complete the test, and all communications with any participants relating to the test; all raw data collected from participants enrolled in the test, including any participants who did not complete the test; source documents for such data; any data dictionaries; and any case report forms;

D.      All documents referring or relating to any statistical analysis of any test data, including any pretest analysis, intent-to-treat analysis, or between-group analysis performed on any test data; and

E.      All documents referring or relating to the sponsorship of the test, including all communications and contracts between any sponsor and the test's researchers.

*Provided, however,* the preceding preservation requirement does not apply to a reliably reported test (as defined below), unless the test was conducted, controlled, or sponsored, in whole or in part by: (1)  any Defendant; (2) any Defendant's officers, agents, representatives, or employees; (3) any other person or entity in active concert or participation with any Defendant; (4) any person or entity affiliated with or acting on behalf of any Defendant; (5) any supplier of any ingredient contained in the product at issue to any of the foregoing or to the product's manufacturer; or (6) the supplier or manufacturer of such product.

Quickwork shall collect and maintain a copy of any reliably reported test on which it relies to substantiate any claim covered by this Order and that was not conducted by the preceding persons or entities, and will produce a copy of such test upon reasonable request by Plaintiff or the Commission.

For purposes of this Section, "reliably reported test" means a report of the test has been published in a peer-reviewed journal, and such published report provides sufficient information about the test for experts in the relevant field to assess the reliability of the results.

For any test conducted, controlled, or sponsored, in whole or in part, by Quickwork, Quickwork must establish and maintain reasonable procedures to protect the confidentiality, security, and integrity of any personal information collected from or about participants. These procedures must be documented in writing and must contain administrative, technical, and physical safeguards appropriate to Quickwork's size and complexity, the nature and scope of Quickwork's activities, and the sensitivity of the personal information collected from or about the participants.

### III. PROHIBITED REPRESENTATIONS REGARDING TESTS, STUDIES, OR OTHER RESEARCH

IT IS FURTHER ORDERED that Quickwork, Quickwork's officers, agents, employees, and attorneys, while acting in their capacity as a Quickwork officer, agent, employee, or attorney, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any

Covered Product, are permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication:

      A.      That the performance or benefits of any Covered Product are scientifically proven or otherwise established to prevent, treat, mitigate, or cure COVID-19; or

      B.      The existence, contents, validity, results, conclusions, or interpretations of any test, study, or other research with COVID-19 or SARS-CoV-2.

### IV. CLARIFICATION REGARDING CERTAIN STATEMENTS MADE BY DR. ERIC NEPUTE AND HIS CAPACITY AS OFFICER, AGENT, AND/OR EMPLOYEE OF QUICKWORK

Plaintiff agrees that for purposes of the Sections of this Order titled Prohibited Representations Regarding Certain COVID-19-Related Claims Requiring Human Clinical Testing for Substantiation, and Prohibited Representations Regarding Tests, Studies, or Other Research, statements made by Dr. Eric Nepute that are not in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Quickwork products may be considered not to have been made in his capacity as an officer, agent, and/or employee of Quickwork. For the purpose of providing additional clarity and not as an exhaustive list, statements by Dr. Nepute (1) made in the context of a physician-patient relationship; or (2) that are not connected, directly or indirectly, to Quickwork (including Quickwork's internet and/or social media sites or any advertising related to Quickwork products) shall be considered not to have been made in his capacity as an officer, agent, and/or employee of Quickwork.

By contrast, statements made by Dr. Nepute relating to vitamin D, zinc or other supplements, with reference to (i) Quickwork; (ii) any advertising media used by Quickwork to make its products available (including but not limited to the Wellness Warrior Facebook page, the Common Sense Health Network Facebook page, or any other websites in Quickwork's

8

possession, custody, or control); or (iii) during a program, presentation, webinar, or substantially similar event during which an advertisement for any Covered Product also appears, shall be considered to have been made in his capacity as an officer, agent, and/or employee of Quickwork.

## V. FDA-APPROVED CLAIMS

IT IS FURTHER ORDERED that nothing in this Order prohibits Quickwork, Quickwork's officers, agents, employees, and attorneys, or all other persons in active concert or participation with any of them, from:

A.      For any Drug product, making a representation that is approved for inclusion in labeling for such Drug product under a new drug application or biologics license application approved by the Food and Drug Administration, or, for any nonprescription Drug product authorized by Section 505G of the Food, Drug, and Cosmetics Act, 21 U.S.C. § 355h, ("FDCA"), to be marketed without an approved new drug application, making a representation that is permitted or required to appear in its labeling in accordance with Section 505G(a)(1)-(3) of the FDCA, 21 U.S.C. § 355h(a)(1)-(3), or a final administrative order under Section 505G(b) of the FDCA, 21 U.S.C. § 355h(b); and

B.      For any product, making a representation that is specifically authorized for use in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990 or permitted under Sections 303-304 of the Food and Drug Administration Modernization Act of 1997.

## VI. MONETARY JUDGMENT FOR CIVIL PENALTY AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of One Million Dollars ($1,000,000.00) is entered in favor of Plaintiff against Quickwork as a civil penalty.

B.      Quickwork is ordered to pay to the Plaintiff, by making payment to the Treasurer of the United States, the sum of One Million Dollars ($1,000,000.00). The first payment of Two Hundred and Fifty Thousand Dollars ($250,000.00) must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff. Remaining payment of Four Hundred Thousand Dollar ($400,000.00) may thereafter be made in 2 annual installments of $200,000. Written confirmation of the transfer shall be delivered via email to Ben Cornfeld, Trial Attorney, Consumer Protection Branch, U.S. Department of Justice at benjamin.a.cornfeld2@usdoj.gov. The remainder of the civil judgment is suspended, subject to the Subsection D, immediately below.

C.      Quickwork agrees that the civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to Quickwork, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D.      Plaintiff's agreement to the partial suspension of the civil penalty judgment is expressly premised upon the truthfulness, accuracy, and completeness of Quickwork's sworn financial statements and related documents (collectively "financial representations") submitted to Plaintiff, namely:

1.      The FTC Financial Statement of Corporate Defendant Quickwork LLC,provided to Plaintiff by Quickwork's counsel on July 28, 2021, including the attachments;

10

2.      The U.S. Department of Justice Financial Statement of Corporate Debtor
Quickwork LLC, provided to Plaintiff by Quickwork's counsel on July 28, 2021, including the
attachments;

3.      All financial statements, tax returns, bank statements (including for the
accounts held by Joseph Wood Enterprises LLC, and DTC Wellness, LLC) compilations of
distributions to members, and any other financial documentation or information submitted by
Quickwork or its counsel, including but not limited to:

a.      Bank Statements for Defendant Quickwork LLC's Bank of
America account ending in –1919, submitted on July 25, 2021;

b.      Defendant Quickwork's 2020 Tax Return and Schedule K-1,
submitted on July 28, 2021;

c.      Defendant Quickwork's (DBA Wellness Warrior) Distributions to
Members Report Generated on July 28, 2021, submitted on July 28, 2021;

d.      Quickwork's Responses to FTC Questions – 8/9/2021, submitted
on August 9, 2021;

e.      Bank Statements for DTC Wellness LLC's First Community
account ending in -7002, submitted on August 9, 2021;

f.      Bank Statements for Joseph Wood Enterprises LLC's Bank of
America account ending in -6735, submitted on August 9, 2021;

g.      The additional information submitted by Defendant's counsel Jan
Paul Miller to Plaintiff via electronic mail dated August 9, 2021, and August 12, 2021;

11

h.    All profit-and-loss statements produced by Quickwork in the course of this litigation (including the August 2021-January 2022 and the January 2022-May 2022 profit-and-loss statements);

i.    The Quickwork statement of cash and cash equivalents as of May 31, 2022; and

j.    The Quickwork LLC June 16, 2022 Report of Distributions to Members.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Quickwork relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiff in any proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.    Quickwork acknowledges that its Taxpayer Identification Number, which it previously submitted to Plaintiff, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VIII. NOTICE TO CONSUMERS

IT IS FURTHER ORDERED that:

A.    Within 30 days of the entry of this Order, Quickwork must send by electronic mail a notice in the exact wording and format shown in Attachment A, to any customer who has received any Wellness Warrior product containing Vitamin D or Zinc, including but not limited to, Wellness Warrior Vitamin D, Wellness Warrior Zinc, Wellness Warrior Kids' Multivitamin, Wellness Warrior Boost Pack, and Wellness Warrior Immune Pack. The subject line of the email

12

notice must state "Our products and COVID-19." The email must not contain any other message concerning Quickwork's goods or services, or include any attachments.

B.      One to three days after sending the initial notice, Quickwork must resend by electronic mail the form shown in Attachment A to the same customers to whom it sent the initial notice, or to those customers who did not open the initial notice.

C.      Quickwork must collect and maintain the following metrics as reported by Click Funnels software on the initial and subsequent emailed notices:

1.      "Opened" rate (number "Opened" and a rated calculated by dividing the same by total addresses receiving the email); and

2.      "Clicked" rate (number "Clicked" and a rate calculated by dividing the same by total addresses receiving the email).

D.      Quickwork must report the metrics listed in Subsection C of this Section within 30 days of sending the second notice via email to Ben Cornfeld, Trial Attorney, Consumer Protection Branch, U.S. Department of Justice at benjamin.a.cornfeld2@usdoj.gov.

## IX. COOPERATION

IT IS FURTHER ORDERED that Quickwork must fully cooperate with representatives of Plaintiff in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Quickwork must provide truthful and complete information, evidence, and testimony. Other than Dr. Eric Nepute, Quickwork must cause its officers, employees, representatives, or agents to appear for interviews, depositions, discovery, hearings, trials, and any other proceedings that a representative of Plaintiff may reasonably request upon reasonable notice, at such places and times as a Plaintiff or Commission representative may designate, without the service of a subpoena.

## X. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Quickwork obtain acknowledgments of receipt of this Order as follows:

A.      Quickwork, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 10 years after entry of this Order, Quickwork must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all persons (whether or not employed by Quickwork) having managerial responsibilities for conduct related to the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, or editorial control regarding advertising or promotion for any Covered Product; and (3) any business entity resulting from any change in structure as set forth in the Section of this Order titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Quickwork delivered a copy of this Order, Quickwork must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Quickwork make timely submissions to the Commission as follows:

A.      Sixty days after entry of this Order, Quickwork must submit a compliance report to the Commission, sworn under penalty of perjury, that must  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which

representatives of the Commission and Plaintiff may use to communicate with Quickwork; (b) identify all businesses (if any) owned by Quickwork by their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of Nepute; (d) describe in detail whether and how Quickwork is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Order, Quickwork must submit a compliance notice to the Commission, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Quickwork or any entity that it has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Quickwork must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against it within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue N.W., Washington, DC 20580. The subject line must begin: US v. Nepute (X210018).

## XII. RECORDKEEPING

IT IS FURTHER ORDERED that Quickwork must create and retain the Required Records. The Required Records include:

A.    Accounting records showing the revenues and profits from all goods or services sold;

B.    Personnel records showing, for each person providing services to Quickwork, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    Records sufficient to identify all third-party business organizations providing services to Quickwork, a description of the services provided by each such organization, dates each such organization was retained, contact information for each such organization, the identities of all individuals employed by each such organization who provided services to Quickwork, and the amounts paid by Quickwork to each such organization;

D.    Records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

E.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.    A copy of each unique advertisement or other marketing material that explicitly or implicitly discusses, references, or otherwise relates to COVID-19, including, but not limited to, the associated vaccines, masks, and/or social distancing policies.

16

Quickwork must create the Required Records for 10 years after entry of the Order, and retain each such Required Record for 5 years after its creation.

## XV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Quickwork's compliance with this Order, and any failure to transfer any assets as required by this Order:

A.　　Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Quickwork must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.　　For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Quickwork. Quickwork must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Quickwork who has agreed to such an interview. The person interviewed may have counsel present.

C.　　The Commission and Plaintiff may use all other lawful means, including posing through their representatives, as consumers, suppliers, or other individuals or entities, to Quickwork or any individual or entity affiliated with Quickwork, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, or Plaintiff's use of compulsory process.

### XIII. LIQUIDATED DAMAGES FOR VIOLATIONS OF THIS ORDER

IT IS FURTHER ORDERED THAT Quickwork shall be liable for liquidated damages to the United States for violations of this Order as specified below.

A.    Prohibited Representations Made in Publicly Available Media. The following liquidated damages shall accrue per violation per day for each violation of Sections I (Prohibited Representations Regarding Certain COVID-19-Related Claims Requiring Human Clinical Testing for Substantiation), or III (Prohibited Representations Regarding Tests, Studies, or Other Research) that appears in any form, including but not limited to video and text, in any publicly accessible media, including but not limited to any internet site or social media account owned or controlled by Quickwork, Quickwork's officers, agents, employees, attorneys, or any other person in active concert or participation with any of them:

| Damages Per Violation Per Day | Period of Noncompliance |
|---|---|
| $2,500 | 1st through 14th Day |
| $5,000 | 15th through 30th Day |
| $10,000 | 31st Day and beyond |

Liquidated damages under this Subsection shall begin to accrue on the day a violation occurs and shall continue to accrue until the violation ceases. Any single, unique video counts as one violation per day, irrespective of the number of views.

B.    Prohibited Representations Made by Direct Consumer Marketing. If Quickwork, Quickwork's officers, agents, employees, attorneys, or any other persons in active concert or participation with any of them, makes any representation in violation of Sections I (Prohibited Representations Regarding Certain COVID-19-Related Claims Requiring Human Clinical Testing for Substantiation), or III (Prohibited Representations Regarding Tests, Studies, or Other Research) that is transmitted in any media, including but not limited to electronic mail and

United States Postal Service or commercial delivery, directly to a consumer or potential consumer of any Covered Product, Quickwork shall pay liquidated damages of $5,000 for each document or other media containing a prohibited representation, irrespective of the number of physical or email addresses to which the document or other media containing the prohibited representation is transmitted.

C.     Notwithstanding the foregoing, the total liquidated damages owed by Quickwork each month accruing from Subsections A and B shall not exceed Quickwork's total monthly profits, as reasonably determined by the Plaintiff using standard accounting practices. Upon request by the Plaintiff, Quickwork shall provide all financial information necessary for the Plaintiff to calculate Quickwork's total monthly profits. Quickwork may dispute the Plaintiff's calculation of its total monthly profits only pursuant to the dispute resolution procedures set forth in Subsection G below.

D.     Liquidated damages shall accrue simultaneously for separate violations of this Order.

E.     Quickwork shall pay any liquidated damages within 30 days of receiving a written demand by Plaintiff, except as provided by Subsections G and H, below.

F.     Plaintiff may, in the unreviewable exercise of its discretion, reduce or waive liquidated damages otherwise due under this Order.

G.     Disputes Regarding Liquidated Damages. The dispute resolution procedures set out in this Subsection shall be the exclusive mechanism to resolve disputes concerning liquidated damages assessed under this Order. Quickwork's failure to seek resolution of a dispute concerning liquidated damages under this Subsection shall preclude Quickwork from raising any

such issue as a defense to an action by the United States to collect liquidated damages owing under this Order or to enforce this Order.

      1.    Informal Dispute Resolution. Any dispute concerning liquidated damages assessed under this Order shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Quickwork sends Plaintiff a written notice of dispute. Such notice of dispute shall state clearly the matter in dispute and shall include any factual data, analysis, or opinion supporting Quickwork's position and any supporting documentation relied upon by Quickwork. The period of informal negotiations shall not exceed 20 days from the date the dispute arises, unless that period is modified by written agreement of the Parties. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by Plaintiff shall be binding unless, within 10 days after the conclusion of the informal negotiation period, Quickwork invokes the judicial dispute resolution procedures as set forth below.

      2.    Judicial Dispute Resolution. Quickwork may seek judicial review of a dispute by filing with the Court and serving on Plaintiff a motion requesting judicial resolution of the dispute. The motion must be filed within 10 days of the conclusion of the period of informal negotiation described in Subsection G.1. The motion shall contain a written statement of Quickwork's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested. Plaintiff shall respond to Quickwork's motion within the time period allowed by the Local Rules of this Court. Quickwork may file a reply memorandum, to the extent permitted by the Local Rules.

      3.    Standard of Review for Judicial Dispute Resolution. In any dispute brought before the Court pursuant to Subsection G.2 of this order, Quickwork shall bear the burden of demonstrating by a preponderance of the evidence that: (i) the conduct for which

Plaintiff has assessed liquidated damages did not violate this Order; or (ii) the Plaintiff's calculation of Quickwork's total monthly profits is incorrect.

      H.      Liquidated damages shall continue to accrue as provided in Subsections A and B, during the pendency of any dispute, but need not be paid until the following:

      1.      If the dispute is resolved by agreement of the Parties, Quickwork shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 days of the effective date of the agreement.

      2.      If the dispute is resolved by the District Court and the United States prevails in whole or in part, Quickwork shall pay all accrued damages determined by the Court to be owing, together with interest, within 60 days of receiving the Court's decision or order, except as provided in Subsection H.3, below.

      3.      If any Party appeals the District Court's decision, Quickwork shall pay all accrued damages determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

      I.      Quickwork shall pay liquidated damages owing to the United States by making payment to the Treasurer of the United States. Such payment shall designate the violations for which the payment is made.

      J.      Quickwork agrees that any liquidated damages award represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to Quickwork, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

K.      If Quickwork fails to pay liquidated damages according to the terms of this Order, Quickwork shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.

L.      Nothing in this Subsection shall be construed to limit the United States from seeking any remedy otherwise provided by law for Quickwork's failure to pay any liquidated damages.

M.      The payment of damages and interest, if any, shall not alter in any way Quickwork's obligations under this Order.

N.      Liquidated damages are not Plaintiff's exclusive remedy for violations of this Order. Plaintiff expressly reserves the right to seek any other relief it deems appropriate for Quickwork's violation of this Order or applicable law, including but not limited to an action against Quickwork for statutory penalties, additional injunctive relief, and/or contempt. However, the amount of any statutory penalty assessed for a conduct occurring after the date of this Order that is also a violation of this Order shall be reduced by an amount equal to the amount of any liquidated damages assessed and paid for that conduct pursuant to this Order.

## XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this _14th_ day of _November_, 2022.

_Ronnie L. White_

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

FOR THE UNITED STATES OF
AMERICA:

SAYLER FLEMING
United States Attorney
Eastern District of Missouri

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

SUZANNE J. MOORE  MO#45321
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
Tel: (314)539-2200
Fax: (314)539-2196
Email: suzanne.moore@usdoj.gov

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA LISKAMM
Acting Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director
Consumer Protection Branch

BEN CORNFELD 1048311(DC)
BRANDON ROBERS 1112150055(MD)
ZACHARY L. COWAN 53432(NC)
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
Civil Division
450 5th Street, N.W.
Washington, D.C. 20530
Tel: 202-598-7276 (Cornfeld)
Tel: 202-305-2023 (Robers)
Tel: 202-598-7566 (Cowan)
Fax: 202-514-8742
Benjamin.A.Cornfeld2@usdoj.gov
Brandon.Robers@usdoj.gov
Zachary.L.Cowan@usdoj.gov

**FOR QUICKWORK LLC**

_____     DATE: Nov. 10, 2023
JAN PAUL MILLER #58112
MARK A. MATTINGLY, #56536
Thompson Coburn
One U.S. Bank Plaza
St. Louis, MO 63101
jmiller@thompsoncoburn.com
mmattingly@thompsoncoburn.com

_Attorneys for Defendant Quickwork LLC_


_____     DATE:_____
Ryan Jaycox
Manager of Quickwork LLC


_____     DATE:_____
Joseph Wood
Manager of Quickwork LLC

**FOR QUICKWORK LLC**

_____   DATE:_____

JAN PAUL MILLER #58112
MARK A. MATTINGLY, #56536
Thompson Coburn
One U.S. Bank Plaza
St. Louis, MO 63101
jmiller@thompsoncoburn.com
mmattingly@thompsoncoburn.com

*Attorneys for Defendant Quickwork LLC*

_____   DATE: 11-10-2022

Ryan Jaycox
Manager of Quickwork LLC

_____   DATE: 11/10/22

Joseph Wood
Manager of Quickwork LLC