## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:21CV437 RLW |
| v. ) | |
| ) | |
| ERIC ANTHONY NEPUTE and ) | |
| QUICKWORK LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on United States' Motion to Compel Defendant Nepute to Produce Evidence on Ability to Pay a Civil Penalty (ECF No. 59). This matter is fully briefed and ready for disposition. As discussed herein, the Court grants the Motion to Compel.

## BACKGROUND

Defendant Eric Anthony Nepute is a chiropractor and the owner of Defendant Quickwork LLC ("Quickwork"). (Complaint ("Compl."), ECF No. 1, ¶ 8). Plaintiff United States has filed claims against him, alleging he violated the FTC Act Section 5(a) and Section 12 (Count 1) and the COVID-19 Consumer Protection Act ("COVID-19 Act"), Pub. L. No. 116-260, Title XIV, §1401 (Count 2). (ECF No. 1, *passim*).

On August 27, 2021, Plaintiff served its First Set of Interrogatories and First Set of Request for the Production of Documents to Nepute. Plaintiff asked Interrogatories related to Nepute's ability to pay any civil penalty that might be imposed, including:

1

1. Identify all of Your Family's Assets and Liabilities, itemized by type of Asset or Liability and by dollar value.

2. Identify all sources of Income earned by Your Family, itemized by dollar value.

3. Identify all transfers of Your Family's Assets exceeding $2,500, including all loans, gifts, and sales of Assets.

(ECF No. 60 at 2). Plaintiff asked for similar documents as part of the Request for the Production of Documents. (*Id.*) On November 11, 2021, Nepute objected to each of these interrogatories and requests on identical grounds:

> Defendant Nepute objects on the basis that this interrogatory is overly broad, unduly burdensome, and is not reasonably likely to lead to the discovery of admissible evidence. Defendant Nepute further objects that this interrogatory seeks information, such as compensation paid to members of his family that is not within his possession, custody, or control.

(ECF No. 60 at 3).

On May 2, 2022, the United States filed a Motion to Compel Defendant Nepute to Produce Evidence on Ability to Pay a Civil Penalty (ECF No. 59).

## STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. See Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26(b) governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

2

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P.; *SI03, Inc. v. Musclegen Rsch., Inc.*, No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1–2 (E.D. Mo. Nov. 6, 2020).

## DISCUSSION

United States argues that the discovery requests seek information regarding Nepute's personal and household finances because they "bear on Nepute's ability to pay a civil penalty for violations of the COVID-19 Act[.]" (ECF No. 60 at 4). Because violations of the COVID-19 Act are treated as FTC violations, the Court "shall" consider Nepute's "ability to pay" "[i]n determining the amount of . . . a civil penalty." 15 U.S.C. § 45(m)(1)(A), (C); ECF No. 60 at 4. That is, Nepute's ability to pay is discoverable as part of Plaintiff's claims under the FTC Act, whereby the ability to pay is relevant to "the determination of a penalty itself." *United States v. Bayley*, No. 3:20-CV-05867-DGE, 2022 WL 1014993, at *6 (W.D. Wash. Apr. 5, 2022) (addressing civil penalties under the CWA); ECF No. 70 at 2.

In response, Nepute argues that the United States' requests for financial information are premature and improper. (ECF No. 69). Nepute contends that his ability to pay a civil fine is premature because he has not been found liable yet. (ECF No. 69 at 2-3). Nepute argues that *United States v. Bayley* is irrelevant because that case involved a civil action brought under the Clean Water Act ("CWA"), not the COVID-19 Act or the FTC Act. (ECF No. 69 at 4). Nepute argues that the Court could set a disclosure schedule in the event that it finds Nepute liable for the claims under the COVID-19 and FTC Acts. (ECF No. 69 at 5). Further, Nepute notes that the United States has received financial documents from co-defendant Quickwork, LLC, of which Nepute has a 60% ownership interest. (ECF No. 69 at 5). Finally, Nepute maintains that

the United States' requests are overbroad and unduly burdensome because they seek documents that "identify the source of, show the dollar value of, and substantiate all" assets, liabilities, and income earned for the past five years. Likewise, they seek documents that substantiate every expense of the Nepute family for the last five years. Nepute claims that such requests are overbroad and burdensome because they have "nothing to do with the present financial ability to pay a civil penalty." (ECF No. 69 at 6).

The Court holds that Nepute's ability to pay a civil penalty is relevant to this action. The Court finds that the civil enforcement scheme of the FTC, like other similar statutes, makes Nepute's financial information clearly relevant to the claims and defenses at issue. *See* FTC Act. 15 U.S.C. § 45 (m)(1)(C) ("In the case of a violation through continuing failure to comply with a rule or with subsection (a)(1), each day of continuance of such failure shall be treated as a separate violation, for purposes of subparagraphs (A) and (B). In determining the amount of such a civil penalty, the court shall take into account the degree of culpability, any history of prior such conduct, ability to pay, effect on ability to continue to do business, and such other matters as justice may require."); *cf* CWA, 33 U.S.C. §1319(d) ("In determining the amount of a civil penalty the court shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require."). Thus, the Court finds that Nepute's financial ability to pay a fine is relevant at this stage of the litigation because it bears on the propriety and amount the penalty imposed. *Bayley*, 2022 WL 1014993, at *6; *see also Baykeeper v. Kramer Metals, Inc.*, No. CV073849DDPFMOX, 2009 WL 10671577, at *3 (C.D. Cal. Feb. 27, 2009) ("Under the circumstances, the court is persuaded that defendant's net worth and financial status

4

are relevant in calculating the economic benefit which resulted from violations of the CWA and the economic impact of a penalty on Kramer. In addition, the evidence is relevant to determine possible injunctive relief, i.e., to determine whether that defendant can afford specific measures at its facility."). The Court further finds that Nepute's household information is relevant to identify Nepute's assets, liabilities, income, expenses, and asset transfers. *See United States v. Com. Recovery Sys., Inc.*, No. 4:15-CV-00036, 2017 WL 1065137, at *3 (E.D. Tex. Mar. 21, 2017) ("Without accurate financial statements, the Court cannot assess whether Defendant has the ability to pay" the requested civil penalty).

Accordingly,

**IT IS HEREBY ORDERED** United States' Motion to Compel Defendant Nepute to Produce Evidence on Ability to Pay a Civil Penalty (ECF No. 59) is **GRANTED**. Defendant Nepute shall respond to Plaintiff's First Set of Interrogatories, numbers 1-3, and produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents, numbers 2-6 no later than **December 9, 2022**.

Dated this 22nd day of November 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**