## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ERIC ANTHONY NEPUTE,**<br>individually, and as<br>Owner of Quickwork LLC; and,<br><br>**QUICKWORK LLC,**<br>a limited liability company,<br>also d/b/a WELLNESS WARRIOR,<br><br>Defendants. | Case No. 4:21-cv-00437-RLW<br><br>**STIPULATED ORDER** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Relief pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1). Defendant Eric Anthony Nepute ("Dr. Nepute") has waived service of the summons and the Complaint. Plaintiff and Dr. Nepute stipulate to the entry of this Stipulated Order ("Order") to resolve all matters in dispute in this action between them, including potential action by Plaintiff under Section 19(a)(2) of the FTC Act, 15 U.S.C. § 57b(a)(2).

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Dr. Nepute participated in deceptive acts or practices in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45, 52, and the COVID-19 Consumer Protection Act of the 2021 Consolidated Appropriations Act ("COVID-19 Act"), Pub. L. No. 115-260, Title XIV, § 1401(b)(1), in connection with his advertising, sale, and distribution of products containing Vitamin D and Zinc.

3.      Dr. Nepute neither admits nor denies any of the allegations in the Complaint, except only as necessary to establish jurisdiction over this action. Dr. Nepute agrees to enter into this Order to avoid further uncertainty and expense associated with this lawsuit and not as an admission of liability.

4.      Dr. Nepute waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.      Dr. Nepute and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order. Subject to the terms of this Order, this Order is intended to resolve the claims against Dr. Nepute set forth in the Complaint.

**DEFINITIONS**

For purposes of this Order, the following definitions apply:

A.      "Covered Product" means any Food, Drug, or Dietary Supplement, including but not limited to Wellness Warrior Vitamin D, Wellness Warrior Zinc, Wellness Warrior Kids' Multivitamin, Wellness Warrior Boost Pack, and Wellness Warrior Immune Pack.

B.      "Dietary Supplement" means: (1) any product labeled as a dietary supplement or otherwise represented as a dietary supplement; or (2) any pill, tablet, capsule, powder, softgel, gelcap, liquid, or other similar form containing one or more ingredients that are a vitamin,

mineral, herb or other botanical, amino acid, probiotic, or other dietary substance for use by humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite, constituent, extract, or combination of any ingredient described above, that is intended to be ingested, and is not represented to be used as a conventional food or as a sole item of a meal or the diet.

C.      "Drug" means: (1) articles recognized in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; (2) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in humans or other animals; (3) articles (other than food) intended to affect the structure or any function of the body of humans or other animals; and (4) articles intended for use as a component of any article specified in (1), (2), or (3); but does not include devices or their components, parts, or accessories.

D.      "Essentially Equivalent Product" means a product that contains the identical ingredients, except for inactive ingredients (e.g., binders, colors, fillers, excipients), in the same form and dosage, and with the same route of administration (e.g., orally, sublingually), as the Covered Products; *provided that* the Covered Products may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field indicates that the amount and combination of additional ingredients is unlikely to impede or inhibit the effectiveness of the ingredients in the Essentially Equivalent Product.

E.      "Food" means: (1) any article used for food or drink for humans or other animals; (2) chewing gum; and (3) any article used for components of any such article.

3

# ORDER

## I. PROHIBITED REPRESENTATIONS REGARDING CERTAIN COVID-19-RELATED CLAIMS

IT IS ORDERED that Dr. Nepute, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, <u>in connection</u> with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, are permanently restrained and enjoined from making any express or implied representation that such product:

(1) prevents or reduces the likelihood of infection with, or transmission of, the SARS-CoV-2 virus;

(2) provides immunity against, or otherwise prevents a person from contracting, COVID-19;

(3) reduces the severity or duration of COVID-19;

(4) prevents the spread of COVID-19;

(5) has greater efficacy in treating or preventing COVID-19 than any FDA-approved COVID-19 vaccine; or

(6) otherwise cures, mitigates, or treats COVID-19

unless (A) the Food and Drug Administration has specifically approved the representation or (B) the representation is non-misleading, and, at the time of making such representation, they possess and rely upon competent and reliable scientific evidence that substantiates that the representation is true.

For purposes of this Section, competent and reliable scientific evidence must consist of human clinical testing of the Covered Product, or of an Essentially Equivalent Product, that is sufficient in quality and quantity based on standards generally accepted by experts in the relevant

4

disease, condition, or function to which the representation relates, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. Such testing must be: (1) at least two randomized, double-blind, and placebo-controlled studies; and (2) conducted by researchers qualified by training and experience to conduct such testing. In addition, all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of such testing as described in Section II of this Order must be available for inspection and production to Plaintiff and the Commission. Persons covered by this Section will have the burden of proving that a product satisfies the definition of an Essentially Equivalent Product. Plaintiff and Dr. Nepute agree that, as of the date that they execute this Order, there are no tests as described in this Section substantiating that vitamin D or zinc:

(1) prevents or reduces the likelihood of infection with, or transmission of, the SARS-CoV-2 virus;

(2) provides immunity against, or otherwise prevents a person from contracting, COVID-19;

(3) reduces the severity or duration of COVID-19;

(4) prevents the spread of COVID-19;

(5) has greater efficacy in treating or preventing COVID-19 than any FDA-approved COVID-19 vaccine; or

(6) otherwise cures, mitigates, or treats COVID-19.

IT IS FURTHER ORDERED that Dr. Nepute, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for

sale, sale, or distribution of any Covered Product, are permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication:

      A.     That the performance or benefits of any Covered Product are scientifically proven or otherwise established to prevent, treat, mitigate, or cure COVID-19; or

      B.     The existence, contents, validity, results, conclusions, or interpretations of any test, study, or other research with COVID-19 or SARS-CoV-2.

      Plaintiff acknowledges that these prohibitions apply only to commercial speech, and do not apply to permissible statements under Section III of this Order.

## II. PRESERVATION OF RECORDS RELATING TO
## COMPETENT AND RELIABLE HUMAN CLINICAL TESTS OR STUDIES

      IT IS FURTHER ORDERED that, with regard to any human clinical test or study ("test") upon which Dr. Nepute relies to substantiate any claim covered by this Order, Dr. Nepute must secure and preserve all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of the test, including:

      A.     All protocols and protocol amendments, reports, articles, write-ups, or other accounts of the results of the test, and drafts of such documents, reviewed by the test sponsor or any other person not employed by the research entity;

      B.     All documents referring or relating to recruitment; randomization; instructions, including oral instructions, to participants; and participant compliance;

      C.     Documents sufficient to identify all test participants, including any participants who did not complete the test, and all communications with any participants relating to the test; all raw data collected from participants enrolled in the test, including any participants who did

not complete the test; source documents for such data; any data dictionaries; and any case report forms;

D.     All documents referring or relating to any statistical analysis of any test data, including any pretest analysis, intent-to-treat analysis, or between-group analysis performed on any test data; and

E.     All documents referring or relating to the sponsorship of the test, including all communications and contracts between any sponsor and the test's researchers.

*Provided, however,* the preceding preservation requirement does not apply to a reliably reported test (as defined below), unless the test was conducted, controlled, or sponsored, in whole or in part by: (1) any Defendant; (2) any Defendant's officers, agents, representatives, or employees; (3) any other person or entity in active concert or participation with Defendant; (4) any person or entity affiliated with or acting on behalf of Defendant; (5) any supplier of any ingredient contained in the product at issue to any of the foregoing or to the product's manufacturer; or (6) the supplier or manufacturer of such product.

Dr. Nepute shall collect and maintain a copy of any reliably reported test on which he relies to substantiate any claim covered by this Order and that was not conducted by the preceding persons or entities, and will produce a copy of such test upon reasonable request by Plaintiff or the Commission.

For purposes of this Section, "reliably reported test" means a report of the test has been published in a peer-reviewed journal, and such published report provides sufficient information about the test for experts in the relevant field to assess the reliability of the results.

For any test conducted, controlled, or sponsored, in whole or in part, by Dr. Nepute, he must establish and maintain reasonable procedures to protect the confidentiality, security, and

integrity of any personal information collected from or about participants. These procedures must be documented in writing and must contain appropriate administrative, technical, and physical safeguards.

### III. CLARIFICATION REGARDING PERMISSIBILITY OF CERTAIN STATEMENTS

Plaintiff agrees that statements made by Dr. Eric Nepute that are not in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Covered Products shall not violate Section I of this Order. For the purpose of providing additional clarity and not as an exhaustive list, statements by Dr. Nepute, or any other persons in active concert or participation with him, (1) made in the context of a physician-patient relationship, or (2) that are not connected, directly or indirectly, to the Covered Products or to Quickwork LLC ("Quickwork") (including Dr. Nepute's or Quickwork's internet and/or social media sites or any advertising related to Covered Products), shall be considered not to have been made in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Covered Product.

By contrast, statements made by Dr. Nepute, or any other persons in active concert or participation with him, relating to vitamin D, zinc or other supplements, with reference to (i) the Covered Products; (ii) Quickwork; (iii) any advertising media used to make Covered Products available (including but not limited to the Wellness Warrior Facebook page, the Common Sense Health Network Facebook page, or any other websites in Dr. Nepute's or Quickwork's possession, custody, or control); or (iv) during a program, presentation, webinar, or substantially similar event (including but not limited to any radio show on which Dr. Nepute appears as a presenter), during which an advertisement for any Covered Product also appears or during which Dr. Nepute displays or wears any articles of clothing or other items referring to Wellness Warrior

8

or Quickwork, shall be considered to have been made in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Covered Products.

Provided, however, that advertisements during a program, presentation, webinar, or substantially similar event shall not render Dr. Nepute's statements to be in connection with manufacturing, advertising, promotion, offering for sale, sale, or distribution of Covered Products, so long as Dr. Nepute does not have a personal or financial interest in the promoted product or service and is not aware of the commercial prior to its airing.

Any emails from the info@wellnesswarrior.club account that are identified as being from Dr. Nepute shall be considered to be statements made by Dr. Nepute for the purposes of Section I of this Order. However, any emails sent from that email account shall not be considered statements made by Dr. Nepute if he does not participate in, or have advanced knowledge and the ability to control, the account.

### IV. FDA-APPROVED CLAIMS

IT IS FURTHER ORDERED that nothing in this Order prohibits Dr. Nepute from:

A.      For any Drug product, making a representation that is approved for inclusion in labeling for such Drug product under a new drug application or biologics license application approved by the Food and Drug Administration, or, for any nonprescription Drug product authorized by Section 505G of the Food, Drug, and Cosmetics Act, 21 U.S.C. § 355h, ("FDCA"), to be marketed without an approved new drug application, making a representation that is permitted or required to appear in its labeling in accordance with Section 505G(a)(1)-(3) of the FDCA, 21 U.S.C. § 355h(a)(1)-(3), or a final administrative order under Section 505G(b) of the FDCA, 21 U.S.C. § 355h(b); and

B.      For any product, making a representation that is specifically authorized for use in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990 or permitted under Sections 303-304 of the Food and Drug Administration Modernization Act of 1997.

## V. MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Eighty Thousand Dollars ($80,000) is entered in favor of Plaintiff against Dr. Nepute as a civil penalty. Dr. Nepute agrees to this payment not as an admission of liability but to avoid further expense and uncertainty associated with this lawsuit.

B.      Dr. Nepute is ordered to pay to the Plaintiff, by making payment to the Treasurer of the United States, the sum of Eighty Thousand Dollars ($80,000.00). The first payment of Twenty-Five Thousand Dollars ($25,000) must be made within fourteen (14) days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff. Remaining payment of Fifty-Five Thousand Dollars ($55,000) must be made on or before February 4, 2024. Written confirmation of the transfer shall be delivered via email to Zachary Cowan, Trial Attorney, Consumer Protection Branch, U.S. Department of Justice, at Zachary.L.Cowan@usdoj.gov.

C.      Dr. Nepute agrees that the civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to Dr. Nepute, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

## VI. ADDITIONAL PROVISIONS

IT IS FURTHER ORDERED that:

A.      Dr. Nepute relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiff in any proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.      Dr. Nepute must provide Plaintiff with his Taxpayer Identification Number, and acknowledges that it may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Dr. Nepute obtain acknowledgments of receipt of this Order as follows:

A.      For 10 years after entry of this Order, Dr. Nepute must deliver a copy of this Order to all of his agents, successors, employees, or attorneys for conduct related to the subject matter of the Order. Delivery must occur within 7 days of entry of this Order for current agents, successors, employees, or attorneys. For all others, delivery must occur before they assume their responsibilities.

B.      From each individual to whom Dr. Nepute delivered a copy of this Order, Dr. Nepute must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order, as reflected in Attachment A.

## VIII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Dr. Nepute make timely submissions to the Commission as follows:

A.      Sixty days after entry of this Order, Dr. Nepute must submit a compliance report to the Commission, sworn under penalty of perjury, that must (a) identify a primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Dr. Nepute; (b) identify all businesses directly or indirectly owned by Dr. Nepute by their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of Dr. Nepute; and (d) describe in detail whether and how Dr. Nepute is in compliance with each Section of this Order.

B.      For 5 years after entry of this Order, Dr. Nepute must submit a compliance notice to the Commission, sworn under penalty of perjury, within 14 days of any change of his primary physical, postal, and email address and telephone number, or designated point of contact.

C.      Dr. Nepute must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue N.W.,

Washington, DC 20580. The subject line must begin: US v. Nepute (X210018).

## IX. RECORDKEEPING

IT IS FURTHER ORDERED that Dr. Nepute must create and retain the Required

Records. Dr. Nepute must create the Required Records for 10 years after entry of the Order, and

retain each such Required Record for 5 years after its creation. The Required Records include:

A.      Documents sufficient to fully respond to Request Nos. 2-6 of Plaintiff's First Set

of Requests for Production of Documents to Eric Anthony Nepute, served on August 27, 2021

(notwithstanding Instruction No. 1 to Plaintiff's Requests, Dr. Nepute must create these

documents for 10 years after entry of the Order, and retain each such documents for 5 years after

its creation);

B.      Documents sufficient to fully respond to Interrogatory Nos. 1-3 of Plaintiff's First

Set of Interrogatories to Eric Anthony Nepute, served on August 27, 2021 (notwithstanding

Instruction No. 1 to Plaintiff's Interrogatories, Dr. Nepute must create these documents for 10

years after entry of the Order, and retain each such documents for 5 years after its creation);

C.      All records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to the Commission; and

D.      A copy of each unique advertisement that explicitly or implicitly discusses,

references, or otherwise relates to COVID-19.

## X. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Dr. Nepute's

compliance with this Order, and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the

Commission or Plaintiff, Dr. Nepute must: submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for interviews or depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Dr. Nepute. Dr. Nepute must permit representatives of the Commission or Plaintiff to interview any of his agents, successors, or employees who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission and Plaintiff may use all other lawful means, including posing through their representatives, as consumers, suppliers, or other individuals or entities, to Dr. Nepute, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, or Plaintiff's use of compulsory process.

## XI. LIQUIDATED DAMAGES FOR VIOLATIONS OF THIS ORDER

IT IS FURTHER ORDERED THAT Dr. Nepute shall be liable for liquidated damages to the United States for violations of this Order as specified below.

A.     <u>Prohibited Representations Made in Publicly Available Media.</u> The following liquidated damages shall accrue per violation per day for each violation of Section I of this Order that appears in any form, including but not limited to video, radio and text, in any publicly accessible media, including but not limited to any internet site or social media account owned or controlled by Dr. Nepute:

| Damages Per Violation Per Day | Period of Noncompliance |
|---|---|
| $500....................................................1st through 14th Day | |
| $1,000 ............................................. 15th through 30th Day | |
| $2,500 ................................................31st Day and beyond | |

Liquidated damages under this Subsection shall begin to accrue on the day a violation occurs and shall continue to accrue until the violation ceases. Any single, unique video counts as one violation per day, irrespective of the number of views.

B.    <u>Prohibited Representations Made by Direct Consumer Marketing.</u> If Dr. Nepute or any other persons in active concert or participation with him make any representation in violation of Section I of this Order that is transmitted in any media, including but not limited to electronic mail and United States Postal Service or commercial delivery, directly to a consumer or potential consumer of any Covered Product, Dr. Nepute shall pay liquidated damages of $2,000 for each document or other media containing a prohibited representation, irrespective of the number of physical or email addresses to which the document or other media containing the prohibited representation is transmitted.

C.    Liquidated damages shall accrue simultaneously for separate violations of this Order.

D.    Dr. Nepute shall pay any liquidated damages within 30 days of receiving a written demand by Plaintiff, except as provided by Subsections F and G, below.

E.    Plaintiff may, in the unreviewable exercise of its discretion, reduce or waive liquidated damages otherwise due under this Order.

F.    <u>Disputes Regarding Liquidated Damages.</u> The dispute resolution procedures set out in this Subsection shall be the exclusive mechanism to resolve disputes concerning liquidated damages assessed under this Order. Dr. Nepute's failure to seek resolution of a dispute

concerning liquidated damages under this Subsection shall preclude Dr. Nepute from raising any such issue as a defense to an action by the United States to collect liquidated damages owing under this Order or to enforce this Order.

1.      Informal Dispute Resolution. Any dispute concerning liquidated damages assessed under this Order shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Dr. Nepute sends Plaintiff a written notice of dispute. Such notice of dispute shall state clearly the matter in dispute and shall include any factual data, analysis, or opinion supporting Dr. Nepute's position and any supporting documentation relied upon by Dr. Nepute. The period of informal negotiations shall not exceed 20 days from the date the dispute arises, unless that period is modified by written agreement of the Parties. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by Plaintiff shall be binding unless, within 10 days after the conclusion of the informal negotiation period, Dr. Nepute invokes the judicial dispute resolution procedures as set forth below.

2.      Judicial Dispute Resolution. Dr. Nepute may seek judicial review of a dispute by filing with the Court and serving on Plaintiff a motion requesting judicial resolution of the dispute. The motion must be filed within 10 days of the conclusion of the period of informal negotiation described in Subsection F.1. The motion shall contain a written statement of Dr. Nepute's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested. Plaintiff shall respond to Dr. Nepute's motion within the time period allowed by the Local Rules of this Court. Dr. Nepute may file a reply memorandum, to the extent permitted by the Local Rules.

3.      Standard of Review for Judicial Dispute Resolution. In any dispute brought before the Court pursuant to Subsection F.2 of this order, Dr. Nepute shall bear the

burden of demonstrating by a preponderance of the evidence that the conduct for which Plaintiff has assessed liquidated damages did not violate this Order.

G.      Liquidated damages shall continue to accrue as provided in Subsections A and B, during the pendency of any dispute, but need not be paid until the following:

1.      If the dispute is resolved by agreement of the Parties, Dr. Nepute shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 days of the effective date of the agreement.

2.      If the dispute is resolved by the District Court and the United States prevails in whole or in part, Dr. Nepute shall pay all accrued damages determined by the Court to be owing, together with interest, within 60 days of receiving the Court's decision or order, except as provided in Subsection G.3, below.

3.      If any Party appeals the District Court's decision, Dr. Nepute shall pay all accrued damages determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

H.      Dr. Nepute shall pay liquidated damages owing to the United States by making payment to the Treasurer of the United States. Such payment shall designate the violations for which the payment is made.

I.      Dr. Nepute agrees that any liquidated damages award represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to Dr. Nepute, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

J.      If Dr. Nepute fails to pay liquidated damages according to the terms of this Order, he shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.

K.      Nothing in this Subsection shall be construed to limit the United States from seeking any remedy otherwise provided by law for Dr. Nepute's failure to pay any liquidated damages.

L.      The payment of damages and interest, if any, shall not alter in any way Dr. Nepute's obligations under this Order.

M.      Liquidated damages are not Plaintiff's exclusive remedy for violations of this Order. Plaintiff expressly reserves the right to seek any other relief it deems appropriate for Dr. Nepute's violation of this Order or applicable law, including but not limited to an action against Dr. Nepute for statutory penalties, additional injunctive relief, and/or contempt. However, the amount of any statutory penalty assessed for a conduct occurring after the date of this Order that is also a violation of this Order shall be reduced by an amount equal to the amount of any liquidated damages assessed and paid for that conduct pursuant to this Order.

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this 2nd day of August, 2023.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

<div style="columns:2">

**FOR THE UNITED STATES OF AMERICA:**

SAYLER FLEMING
United States Attorney
Eastern District of Missouri

SUZANNE J. MOORE  MO#45321
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
Tel: (314)539-2200
Fax: (314)539-2196
Email: suzanne.moore@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA LISKAMM
Director
Consumer Protection Branch

RACHAEL L. DOUD
Assistant Director
Consumer Protection Branch

 /s/ Zachary L. Cowan
ZACHARY L. COWAN 53432(NC)
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
Civil Division
450 5th Street, N.W.
Washington, D.C. 20530
Tel: 202-598-7566
Fax: 202-514-8742
Zachary.L.Cowan@usdoj.gov

Dated: August 2, 2023

</div>

**FOR ERIC ANTHONY NEPUTE**

DATE: 8/1/23

S. JAY DOBBS, #40859
BRIAN E. MCGOVERN, #34677
McCarthy, Leonard, & Kaemmerer, L.C.
825 Maryville Centre Drive, Ste. 300
St. Louis, Missouri 63017
Email: jdobbs@mlklaw.com
        bmcgovern@mlklaw.com

*Attorney for Defendant Eric Anthony Nepute*

DATE: 08/1/23

Eric Anthony Nepute

20

Attachment A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **ERIC ANTHONY NEPUTE**, <br> individually, and as <br> Owner of Quickwork LLC; and, <br><br> **QUICKWORK LLC**, <br> a limited liability company, <br> also d/b/a WELLNESS WARRIOR, <br><br> Defendants. | **ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER BY [NAME]** |

1.      My name is _____. My job title is _____.

2.      I understand that Eric Anthony Nepute was a Defendant in the above-captioned action.

4.      On [*Month* ___], 2023, I received a copy of Stipulated Order for Permanent Injunction and Civil Judgment, which was signed by the Honorable Ronnie L. White and entered by the Court on [*Month* ___], 2023. The copy of the Order attached to this Acknowledgment is a true and correct copy of the Order I received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [*Month* __], 2023.


_____
[NAME]

State of _____, City of _____

Subscribed and sworn to before me
this _____ day of _____, 2023.

_____

Notary Public

My commission expires:

_____